**KELLY v. DOWD, Warden (two cases).**

Nos. 8376, 8377.

Circuit Court of Appeals, Seventh Circuit.

Jan. 31, 1944.

Writ of Certiorari Denied March 6, 1944.

See 64 S.Ct. 639.

82

Garfield J. Kelly, in pro. per.

James A. Emmert, Atty. Gen., Frank Hamilton, Cleon H. Foust, Frank E. Coughlin, and Joseph W. Hutchinson, Asst. Attys. Gen., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner's contention in cause 8377, that the District Court improperly dismissed his petition for a writ of habeas corpus, we think, can not be upheld. Despite his voluminous citation of authority and zealous argument, we see no escape from the rule announced by the Supreme Court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Beal v. Missouri Pac. R. R. Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; Reid v. Jones, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116; Drury v. Lewis, 200 U.S. 1, 26 S.Ct. 229, 50 L.Ed. 343; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760 and followed by this court in such cases as Achtien v. Dowd, Warden, 7 Cir., 117 F.2d 989; Botwinski v. Dowd, Warden, 7 Cir., 118 F. 2d 829; Davis v. Dowd, Warden, 7 Cir., 119 F.2d 338.

Under the established doctrine of those cases it was petitioner's duty to pre-sent his application for relief from allegedly illegal restraint of liberty because of a conviction for kidnapping and robbery in the state court to the judicial forums of that state. Though federal courts have authority under existing statutes to discharge upon habeas corpus one held in custody by state authority in violation of the Constitution of the United States, they are under obligation to exercise discretion as to the time and manner in which the power shall be exerted. They will not ordinarily interfere with the normal course of procedure under state authority but rather will leave the applicant to exhaust the remedies afforded by the state for determining whether he is illegally imprisoned. Federal jurisdiction is to be exerted only in exceptional cases involving such an emergency or great urgency as necessitate action to prevent irreparable injury. The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care and nicest sense of propriety. In the absence of the exceptional circumstances mentioned, a sense of comity and due regard for state jurisdiction demand that the applicant be left to his remedies with the state courts who, no less than those of the United States, are charged with the obligation to recognize and protect his constitutional rights.

But petitioner says that he has lately been denied a writ by the Circuit Court of Vigo County and again by the Circuit Court of LaPorte County and again by the Supreme Court of Indiana, to whom he made application as a court of original jurisdiction. Whether the latter tribunal denied the writ because of lack of jurisdiction to entertain it, is not disclosed. At any rate petitioner has not appealed from either of the Circuit Court decisions, or applied for writ of certiorari from the decision of the Supreme Court of Indiana to the Supreme Court of the United States.

In cause 8376, on March 17, 1943, petitioner filed his petition for a mandatory injunction against the Warden praying that he "be granted his right to receive from an established religion, the Watch Tower Bible and Tract Society, such Bible study helps as are published by said Society so that petitioner can study and determine the will of Jehovah God." His complaint was wholly without averment of fact, con-

tained no statement that he had asked for and been denied the privilege of receiving literature and omitted all allegation of other facts. Obviously it was insufficient as a statement of claim for an injunction and the court rightfully dismissed it.

■ There is, however, another obvious impelling cause for approval of the dismissal. Petitioner had been convicted in the state court in 1937 for the crimes of kidnapping and robbery and committed to the state penitentiary. He is not a federal prisoner. The warden is not a federal official. In other words, petitioner requested the District Court to intervene in the administration of the statutory duties of state authorities. We see no distinction between such a situation and the one confronting us on the application for writ of habeas corpus. The reasoning of the authorities referred to is applicable to all cases directed to the federal court having in view its intervention in state affairs. Petroleum Exploration v. Pub. Serv. Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L. Ed. 1294; Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610; Sweeney v. State Board of Public Assistance, D.C., 36 F.Supp. 171. In Petroleum Exploration v. Pub. Serv. Commission, supra [304 U.S. 209, 58 S.Ct. 841, 82 L.Ed. 1294], the court said: "The preservation of the autonomy of the states is fundamental in our constitutional system. The extraordinary powers of injunction should be employed to interfere with the action of the state or the depositaries of its delegated powers, only when it clearly appears that the weight of convenience is upon the side of the protestant. 'Only a case of manifest oppression will justify a federal court in laying such a check upon administrative officers acting colore officii in a conscientious endeavor to fulfill their duty to the state.'" As we have pointed out, a proper and decent sense of comity demands that petitioner present his application to the state court and, if there defeated, after pursuing his remedial action to its ultimate conclusion in the Supreme Court of Indiana, that he prosecute any further complaint by application to the Supreme Court for certiorari.

■ The acts of prison officials, vested with a rather wide discretion in safekeeping and securing prisoners committed to their custody and charged with the right and duty to maintain discipline among the inmates, should be upheld if reasonably necessary to effectuate the purposes of imprisonment. Whether a state warden, in keeping and caring for prisoners. of the commonwealth, has adopted regulations or performed acts which result in unreasonable discrimination against an inmate or take from him the right not to be subjected to indignities or deprive him of what prisoners are permitted to enjoy under the statutes, are questions peculiarly fit to be determined in the first instance by the courts of the state.

The judgments are affirmed.