## SPENCE v. DOWD, Warden.

### No. 8181.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1944.

452

John J. Faissler, of Chicago, Ill., for appellant.

Frank E. Coughlin, of Indianapolis, Ind., and James A. Emmert, Atty. Gen., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal in forma pauperis in which appellant, who is imprisoned in a state penitentiary pursuant to a judgment of conviction of a state court, seeks to review an order entered on July 27, 1942, denying his application for writ of habeas corpus. Appellant was not given a hearing nor was any evidence heard on his petition, but the court summarily disposed of the case on the petition without determining the verity of the charges made.

Appellant, a man of little education and no training in the law, filed his petition for writ of habeas corpus in the District Court for Northern Indiana. The record here does not contain the petition or application, but from the record prepared by appellant himself, it is clear that in his application he charged and alleged that his imprisonment was the result of a deprivation of rights guaranteed him by the Constitution of the United States. In this court, we have appointed counsel for him. We commend Mr. Faissler for the able services rendered.

Briefly stated, appellant charges that on March 14, 1936, he was arrested on an affidavit charging him with contributing to the delinquency of a minor (a misdemeanor, § 9-2804, Burns' Ann.St.1933); that he was refused permission to see or talk to an attorney; that after his arrest he was informed that the charge had been changed to sodomy (a felony, § 10-4221, Burns' Ann. St.1933); that the charge of sodomy was not supported by affidavit nor was an indictment charging him with that crime returned against him by a grand jury; that no counsel was appointed in his defense and he was denied the right to prepare his defense; that he is innocent of the charge of sodomy and that he was forced to plead guilty through fear induced by physical violence of three deputy sheriffs and the threats of the prosecutor.

It appears that the appellant was sentenced April 22, 1936, to two to fourteen years' imprisonment for the crime of sodomy, imposed by the Circuit Court of St. Joseph County, Indiana, a court of general criminal jurisdiction. Thereafter in that court he filed a petition for writ of error coram nobis which was denied on February 8, 1941, and his application seeking a writ of mandate requiring the issuing of a writ of error coram nobis was denied by the state Supreme Court. It further ap-

pears that on April 24, 1941, he filed a petition for writ of habeas corpus in the St. Joseph County Circuit Court which was returned to him by the judge of that court with the explanation that the court lacked jurisdiction to hear his petition; that on July 23, 1941, he filed a like petition in the Circuit Court of La Porte County, Indiana, which was denied on August 18, 1941; and that his application for a writ of mandate was denied by the state Supreme Court. On January 30, 1942, he again filed a petition for writ of habeas corpus in the La Porte County Court. This, too, was denied, as was his prayer to appeal. Thereupon he filed a petition for a writ of mandate. The petition was denied, State ex rel. Spence v. Worden, 219 Ind. 532, 39 N.E.2d 733.

■■■■ The right to counsel, a requirement of the Indiana Constitution, § 13, Art. 1, Constitution of Indiana, is of such fundamental character that the denial of such right by the State is the denial of due process of law, Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, and there can be no conviction or punishment for a crime without a formal and sufficient accusation. Weeks v. United States, 2 Cir., 216 F. 292, L.R.A.1915B, 651, Ann.Cas.1917C, 524, and Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859.

■■■■ Under the statutes of Indiana, § 3-1918, Burns' Ann.St.1933, and the decisions of the courts of Indiana, State ex rel. White v. Hilgemann, 218 Ind. 572, 34 N. E.2d 129, and State ex rel. O'Leary v. Smith, 219 Ind. 111, 37 N.E.2d 60, it is clear that in Indiana, the writ of habeas corpus is not the appropriate remedy to cure the errors alleged in this petition. However, the writ of error coram nobis is available. State ex rel. Kunkel v. Circuit Court of La Porte County, 209 Ind. 682, 685, 200 N.E. 614, and State ex rel. Dowd v. Superior Court of La Porte County, 219 Ind. 17, 36 N.E.2d 765. But the mere naked right to such a writ is not sufficient. The right must be made available for the purposes for which it is granted. Batchelor v. State, 189 Ind. 69, 76, 125 N.E. 773.

In Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, the court said: " * * * where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy * * * or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate * * * a federal court should entertain his petition for habeas corpus, else he would be remediless." It is upon this admonition and direction of the Supreme Court that appellant relies.

■■■■ In our case, as we have already observed, it is charged that appellant was denied a writ of error coram nobis and that when he sought a writ of mandate requiring the issuing of the writ, his application was denied by the state Supreme Court. Thus, he was not even permitted to get into court, much less have a hearing on his right to the writ, and he has not had the benefit of the disposition of his contentions by the Indiana courts. To deprive a citizen of his only effective remedy would not only be contrary to the rudimentary demands of justice but destructive of a constitutional guaranty specifically designed to prevent injustice. Johnson v. Zerbst, 304 U.S. 458, 467, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

The application for the writ was good, the ultimate issue was one of fact, and if the charges are true, concerning which we express no opinion, appellant has presented a case which falls within the language of the cases cited, and is entitled to be heard. The District Court should have inquired into and specifically found the facts.

In reaching this conclusion we have not overlooked the cases of Davis v. Dowd, 7 Cir., 119 F.2d 338, and Kelly v. Dowd, 7 Cir., 140 F.2d 81. These we have considered and find them inapplicable. In the Davis case no application for a writ of error coram nobis or habeas corpus had been made to the state courts. In the Kelly case two petitions for habeas corpus had been filed in the Circuit Courts of Indiana, but no attempt was made to appeal to the state Supreme Court.

The case is remanded for further proceedings in conformity with this opinion.

Reversed and remanded.