**BRYARLY v. HOWARD, Warden.**

**No. 9418.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 5, 1948.

Albert J. Ushana, of Chicago, Ill., and Harold Bryarly, of Michigan City, Ind., for appellant.

Cleon H. Foust, Atty. Gen., and Merl M. Wall, Deputy Atty. Gen., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The asserted basis of petitioner's application for a writ of habeas corpus lies in his allegation that his plea of guilty upon which he was sentenced was obtained by trickery in that he had been promised he would not be prosecuted if he pled guilty. The trial court dismissed the writ, but granted a certificate of probable cause. This appeal followed.

Petitioner was convicted by an Indiana state court, of robbery of a gas station, and was sentenced April 9, 1942, to a ten year sentence. He was twenty-two years old.

Bryarly substantiates his allegation of trickery by an affidavit of one of the detectives who was present at the time he was being questioned.*

Bryarly sought relief through coram nobis proceedings in the state of Indiana; counsel was appointed for him and a hearing held, May 16, 1946. That counsel had not procured the affidavit of detective Brown, at the time of the hearing, although he had promised to do so. Coram nobis was denied July 30, 1946. On August 10th Bryarly asked for a transcript on appeal, which was denied him August 13th. The court in denying same indicated that the Public Defender could be of aid to him in prosecuting the coram nobis appeal. Bryarly asserts he wrote to the Public Defender twice asking such assistance, but the time for appeal expired before the Public Defender answered. And the answer contained erroneous legal advice, so petioner says.

In the meantime Bryarly attempted to effect his own appeal, but the Indiana Supreme Court returned his transcript on

---

* The critical affidavit dated December 12, 1946 stated:

"I, Irving Brown, upon being duly sworn, say * * I was head of the Detective Bureau in the city of Elkhart, Indiana.

"I further say that I was present at the city jail in Elkhart * * when State Police Detective Ed Rose talked to Harold Bryarly with reference to a certain robbery of a Gas Station in the city of Wabash, Indiana. I further say that said Detective Rose did say to said Harold Bryarly that if he would sign a confession to the robbing of said Gas Station in Wabash, Indiana, and would plead guilty to same in Court, he would *withhold* prosecution, inasmuch as said Bryarly was wanted by the Michigan Authorities on a charge of the same nature. That he wanted his confession and plea to clear up his report."

November 1, because the papers were not in proper form. He filed a petition for certiorari in the United States Supreme Court January 28, 1947, which was denied February 17th, 67 S.Ct. 773.

Bryarly also tried a petition for habeas corpus in the Indiana state court, without success. We have heretofore concluded in Spence v. Dowd, 7 Cir., 145 F.2d 451, habeas corpus is not an available remedy to correct an error, in Indiana such as here charged.

Bryarly's petition in substance alleges that he had been held incommunicado for seven days, and questioned by two detectives, one Ed Rose, and one Irving Brown. He had been arrested upon the affidavit of a victim—no information has ever been filed against him which is one of the bases for his habeas corpus petition.

His petition states

"That after being questioned for a period of seven days, and on the 7th day of April, 1942, Petitioner was confronted by State Police Detective Ed Rose, who said he realized Petitioner was wanted by the Michigan Authorites, and would have to serve a long time in Michigan, and if Petitioner would sign a statement to the robbing of a Gas Station in Wabash, Indiana, and would plead guilty to same in Court, he Detective Rose would not have Petitioner prosecuted, as he had the say so in that district of the State, and his only concern was in clearing up the records. Being inexperienced in the procedure of law, and young (22 years old at the time), he allowed himself to be tricked by a promised benefit from one said State Detective Ed Rose * * *."

We have reluctantly come to the conclusion that the order of dismissal of his petition must be reversed. Our reluctance is due to these facts:

(1) The affidavit states that prosecution would be *"withheld"*, and not that Bryarly, as he alleges in his petition, "would not be prosecuted." There is a shade of difference which under the facts of the instant case might be vital. It seems that Bryarly was wanted by the state of Michigan for a similar offense, and the inference is possible that he would first be returned for a trial on the Michigan charge and after service of sentence, if any were there imposed, he might be returned for trial upon the Indiana charge.

(2) The instant record contains a verbatim transcript of proceedings at the time of his criminal trial. They disclose an extremely conscientious effort by the trial judge to inform Bryarly of his right to counsel and the consequence of a plea of guilty. Those proceedings persuade us that if Bryarly were in fact tricked he had ample opportunity to unburden the fact of coercion in plea and confession to the trial judge.

(3) Bryarly was no novice at criminal procedure or crime despite his age. He had served a year on a petit larceny charge in 1938; he served sixteen months in the state reformatory on another charge, when he was sixteen. And he had hanging over him at the time a serious charge in the state of Michigan.

(4) Oral argument disclosed that the detective on whose affidavit this case hinges was of questionable integrity. He had evidently been involuntarily severed from the detective force for cause, and Bryarly's counsel and no one else has been able to contact him in Florida, or elsewhere, since the execution of this affidavit although diligent extensive search has been made.

 We can not close our eyes to these revealing facts, but, nevertheless we are compelled to return the cause to the District Court that it may permit Bryarly to adduce substantive evidence, if any he can, to support his charge of trickery in securing his plea of guilt. A plea of guilty can not be held to be binding if thus obtained. He should be given the opportunity of proving his charge. Apparently his charge does not rest solely on his unsupported story.

As the Court said in Waley v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 965, 86 L. Ed. 1302:

"True, petitioner's allegations in the circumstances of this case may tax credulity. But in view of their specific nature, their lack of any necessary relation to the other threats alleged, and the failure of respondent to deny or to account for his failure to

**578**

deny them specifically, we cannot say that the issue was not one calling for a hearing within the principles laid down in Walker v. Johnston, supra [312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830]. If the allegations are found to be true, petitioner's constitutional rights were infringed. For a conviction on a plea of guilty coerced by a federal law enforcement officer is no more consistent with due process than a conviction supported by a coerced confession. * * * And if his plea was so coerced as to deprive it of validity to support the conviction, the coercion likewise deprived it of validity as a waiver of his right to assail the conviction."

The Court is indebted to attorney Ushana for his assistance in the presentation of appellant's cause.

The order is reversed.