**UNITED STATES ex rel. MORRIS**

v.

**RADIO STATION WENR.**

**MORRIS**

v.

**UNITED STATES DISTRICT COURT, NORTHERN DIST. OF ILLINOIS, EASTERN DIVISION et al.**

**Nos. 11047, 11048.**

United States Court of Appeals Seventh Circuit.

Dec. 30, 1953.

Edmund Robert Morris, pro se.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

The above causes have not been docketed in this court. The papers applicable to each of them have been received by the clerk of court, further handling being contingent on orders of the court. Furthermore, none of the defendants or respondents named has been served nor has any of them appeared. This somewhat anomalous status obtains because the two applications by Morris asking leave to proceed in forma pauperis were not granted by the district court, and the one made to this court pertaining to his petition for writ of mandamus has not previously been acted upon. The presentation by Morris of his complaint to the district court and the presentation to this court of his petition for writ of mandamus constituted the institution of such causes; and the denial sub silentio of leave to proceed in forma pauperis in the district court was the judicial determination of a case or controversy, reviewable on appeal, to the extent provided by law.[1] Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 2, 87 L.Ed. 3.

We shall first consider the unrecorded refusals of the district court to enter orders (a) granting leave to file Morris' complaint and permitting him to proceed as a poor person, and (b) directing the clerk to provide him with a certified transcript of the record for purposes of his appeal.

In Morris' complaint jurisdiction is alleged to be based upon diversity of citizenship and also upon the claim that the action arises under the Constitution of the United States. Morris alleges he is in custody at the Stateville Branch of the Illinois State Penitentiary. He alleges that at various times he requested permission of defendant Warden Ragen to submit various literary scripts to publishing companies with a view to selling same, but that he was denied permission on the ground that "commercializing by convicts is prohibited" by State law. Morris then alleges that he is being discriminated against and denied the equal protection of the laws, because an agreement exists between Radio Station WENR and the warden, whereby a radio program, "Anonymous," is transcribed at the Stateville Branch of the State Penitentiary to be broadcast weekly over said radio station, and that the talent for the program are felons imprisoned in said penitentiary; also that the convict talent are paid a sum of money for their services, and that this is in violation of an Illinois State statute. Morris further alleges that defendants discriminated between convicts in that negroes are denied the privilege to audition or act as announcers or narrators of the program. Morris asserts further that he has been unable to obtain a hearing in any court of the State of Illinois.

In his prayer for relief Morris asks that the contract between the defendants for the production of the radio program be held illegal and in violation of his rights under the Fourteenth Amendment, and that the warden be enjoined from continuing to contract or to permit the program, "Anonymous," from being broadcast.

In Morris' petition lodged with this court, asking for the issuance of a writ of mandamus, he incorporates by reference the allegations of the complaint which he attempted to file in the district court, and alleges that the action of the district court in refusing him permission

1. These considerations are mentioned because of the district court clerk's letter to Morris dated October 9, 1953, stating: "* * * the Court declined to enter an order granting you leave to file your complaint as a poor person. Since no order was entered, an appeal will not lie."

to file the cause as a poor person was arbitrary and done for the purpose of depriving him of a hearing and the right to appeal. He concludes his petition with the following prayer for relief: "Wherefore, this petitioner respectfully prays that this court issue a writ of mandamus directed to the United States District Court for the Northern District of Illinois, Eastern Division, and to Roy H. Johnson, the clerk of said court, directing and compelling the said court and the said clerk thereof to file this petitioner's complaint forthwith and to allow him to proceed as a poor person, or in the alternative, issue a formal order denying the motion for leave to file as a poor person in order that petitioner's right to appeal shall not be abridged."

Title 28, U.S.C.A., Sec. 1915 authorizes proceedings in forma pauperis in courts of the United States. Subsection (d) provides: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." We think the reference to dismissal of an action contemplates that pleadings with reference thereto have first been filed.

In the interest of orderly procedure and so that there may be a proper court record in the event of an appeal, the district court should permit a complaint or petition to be filed in forma pauperis, providing the affidavit is sufficient under the statute. If the court concludes that there is no merit in the alleged cause, Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457, and that the complaint or petition does not present any substantial question worthy of consideration, Higgins v. Steele, 8 Cir., 195 F.2d 366, then the cause may be promptly dismissed. If a notice of appeal is thereafter filed in any such meritless case, the district court should certify in writing that the appeal is not taken in good faith. 28 U.S.C.A. § 1915(a).

It is clearly evident that the alleged cause of action set forth in Morris' complaint is entirely without merit. He is an inmate of a State penitentiary, by reason of a conviction of a State offense. The warden is not a federal official. Federal courts will rarely intervene to interfere with the conduct of State officials carrying out their duties under State laws. Kelly v. Dowd, 7 Cir., 140 F.2d 81.

Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. Kelly v. Dowd, supra. "We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined." Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, 851. A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights.

Although the clerk of the district court should have received and filed the complaint presented by Morris without prepayment of fees, nothing would be gained by now ordering that he do so. This court has not heretofore indicated the procedure that should be followed. Therefore, we have ruled on this appeal as though the cause had been filed below and dismissed. Under the circumstances the action of the district court, which we construe as an order dismissing the complaint and denying the petition to proceed further in forma pauperis, will be affirmed. The motion to file Morris' petition in this court in forma pauperis is granted. His petition for a writ of mandamus is denied.