UNITED STATES ex rel. WAGNER

v.

RAGEN.

No. 11129.

United States Court of Appeals Seventh Circuit.

May 21, 1954.

Clyde Wagner, pro se.

Latham Castle, Atty. Gen., William C. Wines, Asst. Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Asst. Atty. Gen., of counsel, for appellee.

Before DUFFY, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiff, Clyde Wagner, a prisoner in the Illinois State Penitentiary at Joliet, Illinois, filed this acton in the District Court against the defendant, Joseph E. Ragen, Warden, alleging that Ragen, as warden, had deprived the plaintiff of certain property without due process and had also deprived the plaintiff of certain rights in violation of the Civil Rights Act, 42 U.S.C.A. § 1981 et seq.

The alleged actions of the defendant to which the plaintiff objected were the warden's refusal to permit the plaintiff "to draw inventions and send them to the Federal Government"; the refusal to permit the plaintiff "to register inventions in the U. S. Patent Office" or "to consign his inventions to different Manufacturers" who wished to manufacture and sell them; and, finally, the claiming and seizing by the defendant for the

state of personal property of the plaintiff consisting of oil paintings which the plaintiff had painted while he was in prison. The plaintiff was in prison under a sentence of 100 years for shooting a police officer.

The complaint asked that the court declare the rights of the plaintiff; that the defendant be enjoined from further denial of plaintiff's rights; and that the plaintiff be awarded damages for the past denial of such rights. The plaintiff claims that the District Court had jurisdiction of this action because Warden Ragen had deprived him of rights guaranteed to him by the Federal Constitution and by the Civil Rights Act.

■ The federal courts have held that they do not have the power to control or regulate the ordinary internal management and discipline of prisons operated by the states. Siegel v. Ragen, 7 Cir., 180 F.2d 785, 788. In U. S. ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, a prisoner in an Illinois state penitentiary complained that Negroes were discriminated against by not being permitted to participate in radio programs which were transcribed at the prison for later broadcasts. In that opinion we said, 209 F.2d at page 107: "Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. Kelly v. Dowd, supra. [7 Cir., 140 F.2d 81] 'We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined.' Stroud v. Swope, Warden, 9 Cir., 187 F. 2d 850, 851. A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights."

In a companion case, Morris v. Igoe, 7 Cir., 209 F.2d 108, this court held that while Morris was a prisoner in the Cook County Jail in the custody of Sheriff Babb and Warden Scanlan his constitutional rights were clearly not violated by the officials censoring the Chicago newspapers for which the petitioner had subscribed. In Adams v. Ellis, 5 Cir., 197 F.2d 483, 484, a prisoner in the Texas State Penitentiary filed an action for damages and an injunction under the Civil Rights Laws alleging that the prison officials had conspired to and did enforce a set of rules which required censorship of his mail, prevented him from reading law books or making notes, and prevented him from staying in his cell for the purpose of attending to " 'emergency legal matters.' " However, the court there held, 197 F.2d at page 485, that the plaintiff while a prisoner did not have "unrestricted freedom in the receipt and transmission of mail", and that, therefore, the trial court did not err in dismissing his petition. The Supreme Court said in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."

This same principle has also been followed where the prisoner was incarcerated in a federal penitentiary. In Stroud v. Swope, Warden, 9 Cir., 187 F.2d 850, a prisoner in the United States Penitentiary at Alcatraz filed a petition to enjoin the prison officials from enforcing a prison regulation forbidding inmates from transacting business. Stroud was an author and insisted that he was entitled while incarcerated to carry on as usual his "business affairs," consisting of correspondence to secure the publication of a book which he had written while in prison and to promote its sale. Stroud's attorney conceded that restraints were necessarily imposed upon prisoners but suggested that the court should order the warden to permit "rea-

sonable correspondence" to promote the business activities. But the court rejected the contention, 187 F.2d at page 851, "that any such burden of supervision may lawfully be imposed upon, or assumed by, the courts."

There was another valid reason for dismissing this complaint. A few months before this complaint was filed this plaintiff had filed another complaint, No. 53–C–1827, in the same court against the same defendant alleging violation by the defendant in the same manner of the same rights of the plaintiff as are alleged in the instant complaint. That complaint was dismissed for failing to state a cause of action. No appeal was taken from that judgment of dismissal. It follows that the judgment of dismissal on the former complaint was an adjudication against the plaintiff on that action and, therefore, is conclusive against the plaintiff on the complaint in the instant case which presents the same questions and issues. Courts are not required to repeatedly determine the same questions and the same issues between the same parties.

The judgment is

Affirmed.