**Barnes B. PECKINPAUGH, Appellant,**

v.

**Dr. R. O. SETTLE, Warden, Appellee.**

**No. 16934.**

United States Court of Appeals
Eighth Circuit.

Dec. 14, 1961.

**654**

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks to proceed on appeal in forma pauperis from an order of the District Court for the Western District of Missouri denying him leave to file a petition for a writ of habeas corpus, and a petition for a writ of mandamus against the Warden of the Medical Center for Federal Prisoners at Springfield, Missouri.

His petitions and other tendered papers indicate that appellant is under judgment of conviction and sentence of imprisonment for 7½ years, rendered by the District Court for the Middle District of North Carolina in February, 1959; that he was thereafter committed to the Federal Penitentiary at Atlanta, Georgia, for service of his sentence; that in March, 1961, he filed a motion under 28 U.S.C., § 2255, to have his sentence vacated on the ground, among others, that he was mentally incompetent to stand trial at the time of his conviction and sentence; that his sentencing court thereupon requested the Warden of the Atlanta Penitentiary to have a mental examination made of him; that such an examination was made, and as a result thereof he was transferred by the Attorney General to the Medical Center at Springfield under the provisions of 18 U.S.C.A. § 4241; that he is at the present time being held in the Medical Center for medical and psychiatric treatment; and that, in these circumstances, hearing upon his Section 2255 motion has been continued by his sentencing court to February 9, 1962.

On these facts, there is no basis for appellant to seek a writ or hearing from another court at the present time. His contention that his sentencing court lost jurisdiction to deal with his Section 2255 motion when it requested that a mental examination be made of him is utterly without legal basis. Also, in the circumstances, the continuance made of the hearing upon his Section 2255 motion is not such as to entitle him to seek habeas corpus relief. Equally is this true under the circumstances as to the other contentions sought to be raised by him.

As to the petition in mandamus which he attempted to file, this was directed at requiring the Warden at the Medical Center to cease subjecting him to the medical treatment which he was receiving; to require the Warden to allow him greater library and research privileges; and to reach at other incidents relating to personal privileges and institutional regulations of his confinement. None of them, on the allegations made, is entitled to be made the subject of a writ of mandamus, nor are they in any respect violations of any legal rights existing in favor of appellant.

The trial court was entitled to deny appellant leave to file his petition in habeas corpus and his petition for mandamus. His appeal from the court's or-

der will be permitted to be docketed here without payment of fee, but will thereupon be dismissed as being frivolous.

Appeal dismissed.