**Eugene KIRBY, Petitioner-Appellant,**

**v.**

**Luther THOMAS, Warden Kentucky State Penitentiary, Eddyville, Kentucky, Respondent-Appellee.**

**No. 15709.**

United States Court of Appeals Sixth Circuit.

Sept. 10, 1964.

Eugene Kirby, in pro. per.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, Ky., for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and BROWN, District Judge.

HARRY PHILLIPS, Circuit Judge.

This case involves the validity of a regulation adopted by the Kentucky Department of Corrections which forbids the mailing from state prisons of certain legal papers prepared by inmates. The regulation provides that papers or documents of a legal nature prepared by an inmate of a state prison shall not be permitted to be mailed or sent out by an inmate of a state penal institution, with certain exceptions.[1] Among the excep-

1. This regulation designated as DC-Rg-2, effective July 31, 1963, promulgated pursuant to the authority of KRS §§ 196.035 and 197.020, is as follows:

"1. No papers or documents of a legal nature prepared by an inmate shall be permitted to be mailed or sent out by an inmate of a State penal insti-

tions are habeas corpus, coram nobis or similar proceedings which test the validity of a judgment of conviction.

Kirby, a prisoner in the Kentucky State Penitentiary at Eddyville, Kentucky, filed a petition for writ of mandamus averring that respondent by authority of said regulation has refused him the privilege of mailing and filing in a Federal District Court "a civil rights punitive damage action." The pleadings to initiate such an action were prepared by Kirby on his own behalf. It is contended that application of the regulation to Kirby violates the due process and equal protection clauses of the Fourteenth Amendment.

District Judge Henry L. Brooks denied the application for writ of mandamus, setting forth his conclusions concisely in an unpublished order, from which we quote with approval the following:

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the consideration underlying our penal system, Price v. Johnston, 334 U.S. 266, 285 [68 S.Ct. 1049, 92 L.Ed. 1356] (1948), and it appears well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined. Kelly v. Dowd, 140 F.2d 81 (7th Cir. 1944). The

tution except those which constitute a part of habeas corpus or coram nobis proceedings in which the inmate seeks to test the validity of the judgment of conviction under which he is confined and if successful in his contentions to obtain a new trial or his freedom. Said papers must be addressed to a court of competent jurisdiction, the inmate's attorney, if he has one, or opposing counsel.

"2. The legal papers or documents referred to in subsection (1) of this regulation do not include wills, deeds, mortgages, releases, waivers, bills of sale, or divorce papers.

"3. Those legal papers or documents which may be mailed pursuant to the

enforcement of the regulation preventing the filing of ordinary civil actions by prisoners which do not relate to their personal liberty is a matter of prison discipline and is not in violation of any constitutional restriction. Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), cert. dismissed, 350 U.S. 890 [76 S.Ct. 148, 100 L.Ed. 784], cert. denied, 350 U.S. 971 [76 S.Ct. 445, 100 L.Ed. 843]; United States ex rel Wagner v. Ragen, 213 F.2d 294 (7th Cir. 1954), cert. denied, 348 U.S. 846 [75 S.Ct. 68, 99 L.Ed. 667]; Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961), cert. denied, 368 U.S. 862 [82 S.Ct. 105, 7 L.Ed.2d 59]."

The limitation placed on the above stated rule by Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, regarding regulations restricting the right of prisoners to apply for habeas corpus to inquire into the validity of their restraint, is well recognized. We do not understand these cases to require an absolute and unrestricted right for a prisoner to file any civil action prepared by himself. Tabor v. Hardwick, supra, involved facts substantially similar to those here presented, except that the petitioner in that case was a federal prisoner.

In United States ex rel. Wagner v. Ragen, supra, a state prisoner filed a civil

provisions of subsection (1) of this regulation shall be confined to a statement of the inmate's case and the relief requested and shall not contain any abusive, profane, or insulting language or unnecessary statements tending to cast aspersions on the acts, character, or conduct of any public official.

"4. Any legal paper or document not complying with the provisions (1) and (2) of this regulation shall be returned to the inmate with an oral or written statement of the reason or reasons for its return. If said inmate desires, he may correct the papers or documents accordingly and resubmit them for mailing purposes."

rights action against the warden, contending that the warden refused to permit him to draw inventions and send them to the United States Patent Office. In holding that federal courts do not have the power to regulate ordinary internal management and discipline of prisons operated by the states, the Court quoted from United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (C.A. 7) as follows:

"Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. Kelly v. Dowd, supra. [7 Cir., 140 F.2d 81] * * A prisoner may not approve of prison rules and regulations; but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights." 213 F.2d at 295.

We find nothing in the regulation which would prevent Kirby, at any time while he remains a prisoner, from consulting with an attorney and initiating a civil action through an attorney employed by him. Even though the regulation operates to deprive him of the right to initiate a civil action with pleadings prepared by himself, KRS § 413.310 provides as follows: "The time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action." Thus timely assertion of appellant's claim will not be barred after he has been released from imprisonment.

■ We hold the regulation to be valid as applied to the facts and circumstances of this case.

■■ Mandamus is available to require the performance of a ministerial act. It was the duty of the warden to obey all lawful regulations adopted by the Kentucky Department of Corrections. He may not be compelled to do otherwise by a writ of mandamus. Peckinpaugh v. Settle, Warden, 296 F.2d 653, 654, (C.A. 8).

Affirmed.