John Allen SEYBOLD, Plaintiff,

v.

**MILWAUKEE COUNTY SHERIFF, and Milwaukee County Board, Defendants.**

No. 67–C–78.

United States District Court
E. D. Wisconsin.

Nov. 30, 1967.

John Allen Seybold, pro se.

Robert P. Russell, Corp. Counsel, Milwaukee County, Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, for defendants.

OPINION

TEHAN, Chief Judge.

On March 9, 1967, this court entered an order permitting the plaintiff, John Allen Seybold, to file his complaint in the above action in forma pauperis. The plaintiff, an inmate of the Wisconsin State Prison at Waupun, Wisconsin, alleges that the defendants are infringing his copyright and seeks an injunction and damages. The defendants have moved to dismiss and the plaintiff has filed a "Petition for a Temporary Restraining Injunction" and a motion to strike the motion to dismiss.

Court records reveal that this action is the fifth action filed by the plaintiff in forma pauperis in this court in the past year and one-half. One of these, Civil Action No. 66–C–213, Seybold v. Burke, was a petition for writ of habeas corpus filed August 4, 1966 challenging the legality of two consecutive twenty year sentences imposed upon him on May 13, 1964 in the Circuit Court of Milwaukee County for armed robbery and attempted murder. The petition was denied on October 26, 1966. In another, Civil Action No. 66–C–200, Seybold v. Wolfe, the plaintiff sought damages of $320,000 from a Wheeling, Illinois police officer under the Civil Rights Act. This action, filed August 1, 1966, was dismissed on September 21, 1967 due to improper venue. A third, Civil Action No. 66–C–199, Seybold v. State of Wisconsin, et al., filed on July 26, 1966, seeks damages of $511,000 apparently under the Civil Rights Act, and is still pending. The fourth, Civil Action No. 67–C–1, Seybold v. Wolke, et al., filed January 4, 1967 and dismissed the same day, attempted to set forth a copyright infringement cause of action but alleged that defendant was using plaintiff's copyrighted article under an agreement with plaintiff which he failed to perform.

Although he is unable to make himself available for trial or hearings on motions by reason of his incarceration, the plaintiff, appearing pro se, has pressed for action in his case and, in a letter dated September 16, 1967, stated that he would petition for writ of habeas corpus to be present at the hearing on pending motions. On September 20, 1967, the court caused a letter to be sent to the plaintiff informing him that when his petition for writ of habeas corpus was submitted he should submit authority substantiating his right thereto in a civil action for injunction and damages. The plaintiff filed his petition for writ of habeas corpus ad testificandum on September 27, 1967, citing as his authority all of Title 28 U.S.C., and Edgerly v. Kennelly, 215 F.2d 420 (7th Cir. 1954) cert. den. 348 U.S. 938, 75 S.Ct. 359, 99 L.Ed. 735.[1] On October 2, 1967, the court directed counsel for the defendants to file objections to the granting of said petition, if he had such objections, by October 27, 1967. Those objections have now been filed, as has the plaintiff's response thereto.

This case is one of a growing number of civil actions filed in this court by state prisoners seeking relief unrelated to their detention. It is obvious that such actions cannot be prosecuted effectively by the plaintiffs pro se[2] while they remain in custody, since their opportunity to engage in meaningful discovery is limited and since, absent interference by the court with their detention by State authorities, they would be unable to appear personally to plead their causes. It is also obvious that such interference by this court—directing that prisoner-plaintiffs be transported to court by State prison officials—could result not only in considerable expense and inconvenience to the State and the public but also in no small risk of escape. The incidents of the filing of civil suits by State prisoners have now reached the stage where the conflicting interests of the plaintiffs and the public must be weighed.

 It is unquestioned that prisoners do not lose their right to bring civil actions solely by reason of their conviction and incarceration. There is authority however clearly demonstrating that this right is not unlimited. For example, in Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963) cert. den. 375 U.S. 845, 84

---

1. This case, which was cited in the letter of September 20, 1967, in no way supports, but rather negates, the plaintiff's position that he has a right to appear to prosecute his civil action.

2. This court is not inclined to request counsel to represent such prisoner-plaintiffs absent unusual circumstances and it appears that in most cases counsel is not desired, the plaintiffs preferring to appear themselves. As to any right to counsel, see Davison v. Joseph Horne & Company, 265 F.Supp. 750, (W.D.Penn. 1967).

S.Ct. 97, 11 L.Ed.2d 72, and Shobe v. People of State of California, 362 F.2d 545 (9th Cir. 1966) cert. den. 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115, the prisoners' status was apparently a consideration in the exercise of the court's discretion to refuse to permit a filing of civil actions in forma pauperis.[3] In Kirby v. Thomas, 336 F.2d 462 (6th Cir. 1964), the court upheld the validity of a prison regulation prohibiting prisoners from mailing legal papers in civil actions unrelated to the validity of their convictions, quoting the District Court's Opinion as follows:

" 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the consideration underlying our penal system, Price v. Johnston, 334 U.S. 266, 285 [68 S.Ct. 1049, 92 L.Ed. 1356] (1948), and it appears well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined. Kelly v. Dowd, 140 F.2d 81 (7th Cir. 1944). The enforcement of the regulation preventing the filing of ordinary civil actions by prisoners which do not relate to their personal liberty is a matter of prison discipline and is not in violation of any constitutional restriction. Tabor v. Hardwick, 224 F.2d 526 (5th Cir. 1955), cert. dismissed, 350 U.S. 890 [76 S.Ct. 148, 100 L.Ed. 784], cert. denied, 350 U.S. 971 [76 S.Ct. 445, 100 L.Ed. 843]; United States ex rel. Wagner v. Ragen, 213 F.2d 294 (7th Cir. 1954), cert. denied, 348 U.S. 846 [75 S.Ct. 68, 99 L.Ed. 667]; Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961), cert. denied, 368 U.S. 862 [82 S.Ct. 105, 7 L.Ed.2d 59].' " (463)

and stating

"The limitation placed on the above stated rule by Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, regarding regulations restricting the right of prisoners to apply for habeas corpus to inquire into the validity of their restraint, is well recognized. We do not understand these cases to require an absolute and unrestricted right for a prisoner to file any civil action prepared by himself. Tabor v. Hardwick, supra, involved facts substantially similar to those here presented, except that the petitioner in that case was a federal prisoner." (463)

In Tabor v. Hardwick, 224 F.2d at p. 529, cited in that opinion, the court stated:[4]

"We do not question the wisdom of the rule recognized by such decisions as Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034, and White v. Ragen, supra, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, that penitentiary inmates ought to have their right to inquire into the validity of their restraint of personal liberty and freedom zealously safeguarded by the courts, but we think that the principle of the cases so holding should not be extended to give them an absolute and unrestricted right to file any civil action they might desire. Otherwise penitentiary wardens and the courts might be swamped with an endless number of unnecessary and even spurious law suits filed by inmates in remote jurisdictions in the hope of obtaining leave to appear at the hearing of any such case, with the consequent disruption of prison routine and concomitant hazard of escape from custody. As a matter of necessity, however regrettable the rule may be, it is well settled that, 'Lawful incarceration brings about the necessary withdrawal or limitation of many privi-

---

3. It must be noted that in both those cases the prisoners' causes of action were saved from operation of the statute of limitations under state law, the statute being tolled until their release.

4. In *Kirby* and *Tabor*, too, statutes of limitations were tolled during imprisonment.

leges and rights, a retraction justified by the considerations underlying our penal system.' Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356." (224 F.2d 526, 529)

■ Because Wisconsin law does not toll operation of the statutes of limitations against prisoners for the entire period of imprisonment [5] this court has uniformly granted prisoners' requests to file non-frivolous civil complaints in forma pauperis, despite their lack of freedom to prosecute their causes, to save them from loss of such rights of action as may prove meritorious. Only recently, however, have we been called upon to consider the extent to which prisoners should be permitted to pursue their causes whether they be filed in forma pauperis or not. After careful consideration of the problem and after considering the best interests of the prisoner and the government, as we have been directed in Price v. Johnston, 334 U.S. 266, 284, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948) and Haines v. Castle, 226 F.2d 591, 594 (7th Cir. 1955), cert. denied 350 U.S. 1014, 76 S.Ct. 660, 100 L.Ed. 874, we have concluded that, absent unusual circumstances, prisoners who have filed their civil complaints unrelated to the legality of their convictions and thus protected themselves against the running of any statutes of limitations will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead, such matters will be held in abeyance until the plaintiffs are released from prison and are in a position to freely prepare and present their cases.

The United States Supreme Court in Price v. Johnston, supra, made the oft-quoted statement:

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a re-

traction justified by the considerations underlying our penal system." (285)

This statement, relating to limitation of a prisoner's right to appear in the Ninth Circuit Court of Appeals to argue his appeal from denial of a habeas corpus petition, was immediately followed by the following:

"Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394, to parties in all the courts of the United States to 'plead and manage their own causes personally.' To the extent that this section permits parties to conduct their own oral arguments before appellate courts, it must be modified in its application to prisoners. Oral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates." (334 U.S. 285–286, 68 S.Ct. 1049, 1060)

■ The Price case held that issuance of a writ in the nature of habeas corpus under § 1651, Title 28 U.S.C., even in an action involving the question of legality of the prisoner-petitioner's restraint, is discretionary. Likewise, issuance of a writ of habeas corpus ad testificandum under § 2241, Title 28 U.S.C., cited by the plaintiff, is discretionary.[6] Gilmore v. United States, 129 F.2d 199 (10th Cir. 1942) cert. den. 317 U.S. 631, 63 S.Ct. 55, 87 L.Ed. 509. It would appear, therefore, that although this court has the power to require production of prisoner-plaintiffs either to argue motions or give testimony in their civil actions, the exercise of that power is a matter of discretion.

■ In exercising our discretion we note that it has been held that federal funds are not available to transport prisoner-plaintiffs in ordinary civil actions from prison to prepare for trial, or to

---

5. Sec. 893.33, Wis.Stats. provides for tolling of the statute of limitations for only five years and, under § 893.37, Wis. Stats., only if the right of action accrued during the disability of imprisonment

6. § 2241(c)(5) authorizes issuance of a writ of habeas corpus ad testificandum to secure the presence of a witness and does not authorize issuance of a writ to bring a prisoner before the court for argument of pre-trial motions.

appear at trial or pre-trial proceedings. Diaz v. Chatterton, 229 F.Supp. 19 (S.D. Calif.1964). See also Silver v. Dunbar, 264 F.Supp. 177 (S.D.Calif.1967). It has further been held that under normal circumstances, the courts will not interfere with the conduct of State prison officials (United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7th Cir. 1953)) and that prisoners have only such rights as can be exercised without impairing the requirements of prison discipline. (Sostre v. McGinnes, 334 F.2d 906, 908 (2nd Cir. 1964), cert. den. 379 U. S. 892, 85 S.Ct. 168, 13 L.Ed.2d 96.) We can conceive of no greater interference with prison officials or prison discipline than requiring that prisoner-plaintiffs who wish to appear in civil actions unrelated to their imprisonment be transported from prison to this court by prison guards, housed in this area and released from their normal duties at the institutions during proceedings in their cases.[7] Regardless of the merit of the causes of action stated in their complaints, it must be remembered that the prisoner-plaintiffs have, by their own acts resulting in conviction, placed themselves in a position such that effective prosecution by themselves is not possible without interference by the court with their detention, and it is our opinion that absent unusual circumstances that interference is not warranted. In other words, their unavailability for hearings and trials is due to their convictions, and although the court believes that they should not therefore lose their rights of action by operation of a statute of limitations, we know of no authority compelling us under ordinary circumstances to deliver them from their self-caused restrictions and proceed with their cases as though they could appear at will. § 1654, Title 28 U.S.C., giving parties a right to plead and conduct their own cases personally, in no way commands the court to require the production of prisoner-plaintiffs.

In the case of Edgerly v. Kennelly, supra, the Circuit Court stated concerning a prisoner-plaintiff's right to appear:

"Plaintiff asserts somewhat vaguely that the refusal to require his production as a witness was a violation of his constitutional rights. However, we are not aware of any constitutional rights where a prisoner lawfully committed has to be produced as a witness either in his own or some other case in an action for the recovery of damages. It must be remembered that a person in his unfortunate situation is stripped of many of the rights possessed by a free person and guaranteed by the Constitution. As stated in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356: 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" (215 F. 2d 423)

While this case involved a prisoner outside the court's territorial jurisdiction, the above-quoted statement does not appear to be limited to rights of prisoners not within the court's jurisdiction but refers to rights of prisoners generally.

■ The plaintiff's complaint has been filed and any statute of limitations tolled. His right of action is protected. In our opinion his pleadings disclose nothing requiring immediate attention[8] or justifying this court in ordering his presence here, with its expense and hazard to the public and interference with prison officials. Neither does the court, in fairness to the plaintiff, wish to proceed in his absence. The petition for

---

7. In this connection we must consider also the danger to the public such transportation poses, particularly the likelihood of escape.

8. Although an injunction against copyright infringement is sought any injury claimed

pending disposition of the case is not irreparable since the defendants whom plaintiff has chosen to join would be clearly responsible in damages.

writ of habeas corpus ad testificandum will therefore be denied and further proceedings herein will be held in abeyance until the plaintiff is released from prison and thus available to prosecute his action. If he does not take proper steps to reactivate this case within thirty days of his release, it will be dismissed.