**Willis Lee GROVE**

v.

**W. Frank SMYTH, Jr., Warden, etc.**

Civ. A. No. 2791–M.

United States District Court
E. D. Virginia,
Richmond Division.

Dec. 4, 1958.

Willis Lee Grove, plaintiff, in pro. per.

Albertis S. Harrison, Jr., Atty. Gen., and Thomas M. Miller, Asst. Atty. Gen., of Va., for defendant.

HUTCHESON, Chief Judge.

The plaintiff, an inmate of the Virginia State Penitentiary, has filed a document entitled "Claim for Declaratory Relief" against the defendant, who is Superintendent of the Virginia State Penitentiary. The complaint alleges jurisdiction under diversity of citizenship; on the existence of a Federal question arising under the Fourteenth Amendment to the Constitution of the United States; under Title 28, Section 1343, U.S.C., known as the Civil Rights Act; and under Article 1, Section 8, of the Constitution of Virginia. It is specifically alleged that the plaintiff requested permission to order a certain book from West Publishing Company and that his request was denied. While the complaint refers to a specific volume, it is the position of the plaintiff that it is his right to procure any book on the subject of the laws. The plaintiff also requested the appointment of counsel to assist him.

The defendant has filed an answer and a motion to dismiss, to which motion the plaintiff has filed an answer and a motion for an order directing his appearance before this Court for the purpose of being heard in person and for certain witnesses who are now inmates of the Virginia State Penitentiary to be produced at the hearing.

In response to my suggestion, the plaintiff and counsel for the defendant have filed written briefs setting forth their respective contentions. In substance, the petitioner contends that it is his right to obtain the possession of legal books in order that he may acquire knowledge of the law to be used in testing the legality of his detention. The defendant points to the lack of any allegation to the effect that plaintiff had been refused permission to secure a copy of any particular decision; that there is no allegation that petitioner had funds to pay for any particular book or that such book contains any case or cases pertinent to the plaintiff's contention. Reference is also made to the fact that the specific book referred to, as shown by exhibit consisting of a letter from the publishers, does not exist. The defendant then bases his principal defense upon the failure of the complaint as a whole to state a case upon which relief can be granted.

While the deficiencies in the complaint specifically referred to are worthy of note, the crux of the situation here is that under the most liberal construction which might be given it, the complaint fails to assert a claim upon which relief could properly be granted. With this contention of the defendant, I am in full accord.

It merits little discussion. The entire controversy is a matter peculiarly and exclusively within the internal jurisdiction and authority of the prison officials and is a matter in which the Federal Courts have no power or concern. It is deemed necessary to cite only a few

cases among those bearing upon the subject. See Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; Stroud v. Swope, 9 Cir., 187 F.2d 850; Adams v. Ellis, 5 Cir., 197 F.2d 483; United States ex rel. Wagner v. Ragen, 7 Cir., 213 F.2d 294. Price v. Johnston and Stroud v. Swope involved prisoners in Federal institutions. Adams v. Ellis and United States v. Ragen involved the rights of prisoners in state institutions.

While it is conceivable that under some circumstances a court might see fit to interfere with the internal jurisdiction and authority of prison officials with regard to inmates, this is certainly no such case. The lack of merit is emphasized when it is recalled that this is an application made to a Federal Court by one in custody pursuant to the order of a state court who has not sought relief in the courts of the state. Attempted interference by a Federal Court would present an extraordinary situation.

It follows that the several motions filed by the plaintiff including the appointment of counsel, will be denied, and the motion of the defendants to dismiss the complaint will be granted.