Richard BARONE, Petitioner,

v.

**WARDEN, MANHATTAN HOUSE OF DETENTION FOR MEN,**
Respondent.

United States District Court
S. D. New York.

Sept. 7, 1962.

Richard Barone, petitioner, pro se.

Frank S. Hogan, Dist. Atty., New York County, for respondent; Robert E. Goldman, New York City, of counsel.

FEINBERG, District Judge.

The petitioner in this application for a writ of habeas corpus is a prisoner in the Manhattan House of Detention for Men. According to petitioner's handwritten papers,[1] he is awaiting trial on various counts of an indictment handed down by a New York County Grand Jury charging him with burglary, grand larceny and possession of burglars' tools. In his application, petitioner claims, in substance, that he has not been allowed to have any law books in his cell and has been denied adequate access to law books while attempting to prepare for his trial. Petitioner seeks an order allowing him these privileges. A memorandum has been filed by an Assistant District Attorney of New York County opposing the application on the sole ground that petitioner still has available to him a state remedy which he has not exhausted. The memorandum states that the application should be properly made before the Supreme Court of the State of New York and that "such appeal to bring this motion before the Supreme Court still exists."

From the papers before me, it appears that petitioner originally brought a motion for the relief sought here in the Court of General Sessions, New York County, and that the motion was denied on June 25, 1962. The basis for the denial of the motion does not appear in the record. Thereafter, petitioner unsuccessfully attempted to appeal from the denial of his motion to the Appellate Division, First Department of the Supreme Court of the State of New York. By letter dated July 3, 1962, petitioner was informed by a law assistant of that court that the New York Code of Criminal Procedure " * * * does not authorize an appeal from the orders of the General Sessions Court denying your application to be furnished with law books. Under the circumstances, there is no further action to be taken by this Court in the matter."

It is true, as the memorandum in opposition contends, that before a federal court can grant a writ of habeas corpus for a prisoner under state detention, the prisoner must, under 28 U.S.C. § 2254, first exhaust his available state remedies. The memorandum states, as

---

1. Petitioner is not represented by counsel. By order of this Court, dated July 27, 1962, petitioner was allowed to file his application for a writ without prepayment of fees or costs or security therefor, pursuant to 28 U.S.C. § 1915(a).

indicated above, that petitioner's motion should not have been made in the Court of General Sessions but in the New York Supreme Court and that it can still be made there. Presumably, reference is made to such cases as Brown v. McGinnis, 10 N.Y.2d 531, 225 N.Y.S.2d 497, 180 N.E.2d 791 (1962) (Article 78 proceeding for an order directing the Commissioner of Correction to permit petitioner the free exercise of his religion); Wright v. Wilkins, 26 Misc.2d 1090, 210 N.Y.S.2d 309 (1961) (Article 78 proceeding by prisoner challenging refusal of prison authorities to permit him to take Arabic grammar materials into recreation yard); cf. Mummiani v. La Vallee, 21 Misc.2d 437, 199 N.Y.S.2d 263 (1959). On the basis, therefore, that petitioner has not exhausted his state remedies and that they are still available to him the petition will be denied. Such denial is without prejudice to petitioner's right to bring another application in this Court for a writ of habeas corpus should his state remedies prove to be time-barred.

It should be pointed out, however, that petitioner may also have a cause of action under the Civil Rights Act, 28 U.S.C. § 1343; 42 U.S.C.A. § 1983. Cf. Pierce v. La Vallee, 293 F.2d 233 (2 Cir. 1961); United States ex rel. Thompson v. Fay, 197 F.Supp. 855 (S.D.N.Y.1961). Therefore, denial of this petition for a writ of habeas corpus is without prejudice to petitioner's right to file a complaint in this Court under the Civil Rights Act, although this is not meant to indicate in any way that such action would ultimately be successful. Cf. Hatfield v. Bailleaux, 290 F.2d 632 (9 Cir.), cert. denied, 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961), reversing Bailleaux v. Holmes, 177 F.Supp. 361 (D.Ore.1959); Siegel v. Ragen, 180 F.2d 785 (7 Cir.), cert. denied, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391 (1950); Grove v. Smyth, 169 F.Supp. 852 (E.D.Va.1958). Compare State ex rel. Sherwood v. Gladden, 240 F.2d 910 (9 Cir., 1957). See generally Note, Constitutional Rights of Prisoners: The Developing Law, 110 U.Pa.L.Rev. 985 (1962).

Accordingly, petitioner's application is denied. So ordered.