**Victor H. GURCZYNSKI, Appellant,**

v.

**Howard H. YEAGER, Principal Keeper, New Jersey State Prison, and George Goodman, Superintendent, Leesburg State Prison Farm.**

No. 14987.

United States Court of Appeals Third Circuit.

Submitted Dec. 14, 1964.

Decided Dec. 18, 1964.

Victor H. Gurczynski, pro se.

Eugene T. Urbaniak, Deputy Atty. Gen., Trenton, N. J. (Arthur J. Sills, Atty. Gen. of New Jersey, on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of the complaint in this cause by the district court. The complaint alleges violation of appellant's civil rights by the prison authorities of the State of New Jersey. Specifically appellant states that he was not given psychiatric treatment as had been suggested by the sentencing state judge. He also says that his request to be transferred from a New Jersey state prison farm to the state prison at Trenton was not granted. Finally, he complains that after he became intoxicated and escaped from the prison farm, he was punished by being placed in solitary confinement on a restricted diet in the state prison itself. The district judge allowed the complaint to be filed without prepayment of costs. After examining it, the court dismissed it as being without merit. We are convinced that such course was proper.

The face of the complaint does not present any involvement of appellant's federal rights. What is alleged concerns New Jersey state prison operation and discipline. Discipline reasona-

bly maintained in those prisons is not under the supervisory direction of the federal courts. Kelly v. Dowd, 140 F.2d 81 (7 Cir. 1944). There is nothing in the circumstances related to indicate any reasonable basis for interference with the state authority, even though appellant's claim is under the guise of violation of his constitutional rights. United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7 Cir. 1953). See also Curtis v. Jacques, 130 F.Supp. 920 (D.C. W.D.Mich.N.D.1954); Grove v. Smyth, 169 F.Supp. 852 (D.C.E.D.Va.1958); Hatfield v. Bailleaux, 290 F.2d 632 (9 Cir. 1961).

The judgment of the district court will be affirmed.