UNITED STATES of America ex rel. Florian GABOR

v.

David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Misc. No. 2829½.

United States District Court.
E. D. Pennsylvania.
Jan. 22, 1965.

Paul Bender, Philadelphia, Pa., for petitioner.

JOSEPH S. LORD, III, District Judge.

The petitioner, Florian Gabor, filed in this court a petition for a writ of mandamus (which will be treated as a motion for an injunction) directed to David N. Myers, Superintendent of the State Correctional Institution, Graterford, Pennsylvania. The burden of the petition may be summarized as follows:

Petitioner is an Hungarian refugee, presently serving a sentence of two and one-half to five years. His only living relative is a sister in Hungary who cannot write or speak English. It is not denied that the sister has written to petitioner, but that such letters were withheld by the prison authorities on the ground that they were not in the English language. The authorities refused to supply an interpreter or to give the letters to an interpreter for translation, although one is available in the person of one Maria Nagy, petitioner's case worker.

On the basis of the averments in the petition, we issued a rule to show cause and directed respondent to file an answer. The answer admitted the essential aver-ments of the petition. Petitioner has now filed a motion for summary judgment, together with a supporting affidavit (to which no answer has been filed) and exhibits. The affidavit alleges, *inter alia,* that petitioner was denied both the right to send and receive letters in Hungarian to and from his sister.

One of the exhibits [1] shows that a part of the policy of the Bureau of Corrections is:

"Correspondence outside the Country may be in a Foreign language providing someone is available to censor, either inside or outside the institution. Correspondence within this Country must be in English."

A second exhibit [2] is a direction from the Attorney General to Warden Myers instructing him to deliver the withheld letters to Maria Nagy for translation; to deliver the letters to petitioner upon receipt of the translation if their content is not objectionable; to forward future correspondence to or from petitioner to the Department of Public Instruction for translation before it is delivered or mailed.

Superficial examination of the record might lead to the conclusion that the matter is now moot. However, while the instructions of the Attorney General seem to give petitioner what he sought, there is nothing to indicate that those instructions are being followed. Furthermore, there is no assurance that any successor of Warden Myers would feel bound by and would follow the instructions given his predecessor. Therefore, the matter calls for a definitive determination judicially defining petitioner's rights. We agree with petitioner that there is no issue as to any material fact and that he should have summary judgment, but not to the extent sought in the motion.

The Civil Rights Act, 42 U.S.C.A. § 1983, gives an aggrieved party a remedy

1. Letter from Arthur T. Prasse, Commissioner of Correction, to Frank P. Lawley, Jr., Deputy Attorney General, dated October 30, 1964.

2. Letter from Mr. Lawley to Warden David N. Myers, dated November 2, 1964.

for actions by state officers under color of law that are in derogation of constitutional rights. From the uncontradicted averments of the petition and motion for summary judgment, it is apparent that the petitioner was denied the right to send and receive mail solely because of the accident of language. Other prisoners are subject to no such strictures. We have not been shown, nor can we discern, any reason for such discrimination. The mere fact that the petitioner's mail is in Hungarian furnishes no sufficient basis for a valid classification. Rather, to deny him on that basis privileges accorded to other English-speaking prisoners is to erect an unconstitutional discrimination. Cf. Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194 (1944). The facts being uncontroverted, petitioner is entitled to summary judgment.

◼ The motion, however, goes further and seeks to include in the summary judgment a declaration that petitioner is entitled to send letters by air mail and to converse with his counsel through an interpreter. Upon these contentions we are unable to pass judgment. "Except under exceptional circumstances, internal matters in state penitentiaries are the sole concern of the states and federal courts will not inquire concerning them." United States ex rel. Knight v. Ragen et al., 337 F.2d 425, 426 (C.A. 7, 1964). Cf. Gurczynski v. Yeager, 339 F.2d 884 (C.A. 3, 1964). The petition upon which we are acting contains no averments concerning these two points, so that the state has had no opportunity to answer. We cannot know whether these prohibitions are reasonable and non-discriminatory prison regulations, or whether they, too, are invidious discriminations. Until a proper record has been made upon which we can pass a tutored value-judgment, we must limit our decision to the matters complained of in the petition. As to those, petitioner is entitled to summary judgment.