Joseph A. RINALDI, Plaintiff,

v.

Howard YEAGER, Warden, A. L. Dempsky, Business Manager N. J. State Prison, and Harry Lerner, Essex County Treasurer, Defendants.

Civ. A. No. 70-64.

United States District Court
D. New Jersey.

May 17, 1965.

Joseph A. Rinaldi, pro se.

Frederick B. Lacey, Newark, N. J., for petitioner.

Nicholas T. Fernicola, Newark, N. J., and Arthur J. Sills, Trenton, N. J., for defendants.

Before McLAUGHLIN, Circuit Judge, and MEANEY and SHAW, District Judges.

McLAUGHLIN, Circuit Judge.

We have before us a motion to "correct judgment" entered in this action February 18, 1965. The reason urged for this is that plaintiff's application for summary judgment did not include his Eighth Amendment ground, namely, " * * * that the administration of N.J.S. 2A:152-18 [N.J.S.A.] inflicted cruel and unusual punishment on him in violation of his Eighth Amendment rights." Therefore, asserts plaintiff the summary judgment should be corrected to indicate that judgment was granted defendants only on Thirteenth and Fourteenth Amendment questions. This necessitates a thorough study of all the material before us in the litigation in order to ascertain whether plaintiff's contention is meritorious.

In Paragraph II of the complaint it is alleged:

"Plaintiff is being denied the right to Due Process of the laws and being further subject to Cruel and Unusual punishment in violation to the Seventh, Eighth and Fourteenth Amendments of the United States Constitution and various citations of the laws of the land incorporated in the substance of this application, and to the best of Plaintiff's lay knowledge there are no other cause or pretence for this complaint."

This is repeated in substance under the caption "Argument". Then appears the following:

### POINT I

"PLAINTIFF IS BEING SUBJECT TO GARNISHMENT OF HIS *FULL* WAGES SUFFERING THE DENIAL OF THE RIGHT TO FURTHER LITIGATION, MANY PERSONAL NEEDS, A DENIAL OF DUE PROCESS AND DISCRIMINATION.

"The Eighth Amendment of the United States constition; guarantees that:

" 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted'.

"Plaintiff alleges and contends that due to the Garnishment *per se* he is being subject to cruel and unusual punishment, wherefore the plaintiff works to the very best of his ability doing his job and duties while confined and yet at the end of the month, when the full population of the said Institution is paid for services rendered, his (plaintiff's) pay is garnished for the payment of said transcript, which is not for the purchase of the same but only for the temporary use during the preperation of briefs on appeal. That at this time the said transcript being paid for by the plaintiff is not in his possession or use and has long been before this date returned to the Essex County Clerk.

"Plaintiff alleges and contends that due to the unconstitutional garnishment of his hard-earned wages he is without many personal needs such as listed herein:"

The needs listed consist of paper and facilities to prepare legal actions; personal items as toilet articles, smoking and correspondence materials; law books.

Immediately after the above are the following two paragraphs:

"Due to the small and few facts alleged *supra*, plaintiff herein is being subject to 'cruel and unusual punishment', contrary to the guarantee of the Eighth Amendment of our United States Constitution, an inherent right to all citizens of our United States of America.

"The Court will find from the oral hearing of this cause that plaintiff can and will submit more parol and documentry proof of the unconstitutional acts alleged, and not to lengthen this Complaint nor burden this Honorable Court has listed the same to a minimum praying to suffice so that summons will issue to the defendant(s) and the relief in quest be granted and the defendant(s) be restrained until final decree of this Honorable Court."

On page 9 of the complaint the statement is made:

"Plaintiff praying for relief under the Eighth and Fourteenth Amendments, prays that this Honorable Courts consideration be broad and elastic in view of the treatment the plaintiff is being subject to, for there can be no doubt that discrimination * * * denial of actions in Courts of law * * * coupled with the hard earned wages being fully and unlawfully taken from the indigent plaintiff, the provisions of both the

Eighth and Fourteenth Amendments are well in scope of consideration."

The defendants' answers, inter alia, denied that " * * * the issues in this case are proper or substantial questions arising under the Constitution and laws of the United States."

Appellant's motion for summary judgment was for an order " * * * granting summary judgment in plaintiff's favor for the relief demanded in the Complaint on the ground that there is no genuine issue as to any material fact and that plaintiff is entitled to a judgment as a matter of law; * * * In support of this Motion plaintiff will rely upon a Stipulation of Facts which will be submitted, agreed to by all parties, and upon such briefs and affidavits as may be filed."

In plaintiff's brief on his motion for judgment the Introductory Statement reads:

"This is a motion for summary judgment made by plaintiff. In its essence the case involves an attack by plaintiff on the constitutionality of N.J.S. 2A:152–18 [N.J.S.A.], and, in the alternative, an attack on the unconstitutional administration of that statute by the defendants."

The brief incorporates the Stipulation of Facts in toto. In addition thereto it notes Requests of Admissions of Facts to the defendants, replies to those requested, interrogatories on behalf of plaintiff, answers thereto and a filed affidavit of plaintiff. The brief's Statement of Facts concludes:

"Since there does not appear to be any disputed question as to a material fact this case is ripe for disposition on summary judgment."

The brief's first point is that the New Jersey reimbursement statute violates the Thirteenth and Fourteenth Amendments.[1] While the Eighth Amendment is not specifically named, the alleged cruel and unusual punishment set out in the

complaint is gone into carefully in connection with the Thirteenth and Fourteenth Amendment arguments. The brief asserts that "The thrust of the reimbursement statute is that an indigent defendant appeals at his own peril. If, for any reason, the relief he seeks from the appellate court is denied he delivers himself into bondage. By exercising his right to appeal he must deprive himself of institutional wages during the term of his imprisonment if his appeal fails. In this respect he is discriminated against in favor of: (1) the unsuccessful non-indigent appellant who continues to draw his institutional wages; (2) the unsuccessful indigent appellant who has been released from prison before reimbursement is sought against him (see Requests for Admission 3(f) and (g) addressed to the Attorney General; (3) an indigent convicted of a capital offense, whose transcript the State provides free of charge (N.J.S. 2A:152–18, N.J.S.A., does not apply to that type of indigent); (4) the successful indigent appellant.[1]

"Footnote 1. The successful indigent appellant can be favored even over the successful non-indigent appellant who pays for the transcript himself. The Appellate Division is free *not* to tax the State the cost of the non-indigent's transcript after a reversal of a conviction. R.R. 1:9–2(1); 2:9–2.

The conclusion that the indigent has been deprived of due process and equal protection is reinforced by the undeniable fact that New Jersey has attempted to impose a discriminatory condition on an indigent's right to appeal. That this condition does not become effective until after the conviction is affirmed does not distinguish it from the discriminatory conditions already stricken by the Supreme Court. The condition is discriminatory: that is all that is required in this genre of cases to establish a Fourteenth Amendment violation. Rinaldi's poverty obliged him to invoke the N.J.S. 2A:152–17, N.J.S.A., procedure in order

1. We have found no mention of the Thirteenth Amendment in the complaint.

to exercise his right to a full appellate review. The action of the State in now withholding his wages penalizes him simply because he is poor—this must be characterized as constitutionally discriminatory."

The brief goes on to stress that "In effect then, the fruits of his (plaintiff's) labor for the next several years do not belong to him." And while it argues under the Thirteenth Amendment it states substantially plaintiff's main complaint under the Eighth Amendment i. e. "To take all of plaintiff's wages to pay a bill which he is not legally obliged to pay, and to keep him at work against his will and over his protests against this 'wage assignment' violates the letter and spirit of this Amendment." The brief concludes by urging that the fact that other inmates have not been obliged to reimburse Essex County for transcripts furnished "amounts to the clearest type of discrimination" against Rinaldi. The latter in his complaint cites this as an offense against him in violation of the Eighth Amendment.

Both the defense briefs argue against the Eighth Amendment alleged violations of the complaint. The state brief does this under one general heading that the New Jersey law does not violate the United States Constitution. The county brief categorically answers plaintiff's Eighth Amendment charges in Point III titled "New Jersey Statutes 2A:152–17 and 2A:152–18 [N.J.S.A.]", concluding that they " * * * do not amount to 'cruel and unusual punishment' to the plaintiff in violation of the Eighth Amendment to the Constitution of the United States." It submits that reimbursement is not punishment at all but " * * * merely a reasonable condition imposed by the legislature to defray the costs involved to the county treasurer by a defendant choosing voluntarily to seek further relief after a conviction."

Counsel for plaintiff at oral argument of plaintiff's motion for summary judgment stated that " * * * this is a mo-

tion for summary judgment on behalf of Joseph Rinaldi against Howard Yeager, as the Warden * * *. The basis and fundamental facts have been agreed upon and have been submitted to the court prior to today in a stipulation of fact." The primary proposition presented on behalf of appellant was the fact that after appeal or appeals if the decision or decisions were finally against appellant and if he were still in prison his prison earnings could be applied against the cost of the trial and hearing transcripts furnished him. Fundamentally it was urged that the governing state law "creates an inhibition, however slight, to the institution of an appeal." Counsel stated, " * * * that this statute is not applied across the board, that there are instances which we cite by name of prisoners where this statute is not applied; and we say that if a statute is unconstitutional on its face or is applied in unconstitutional fashion, we are entitled to the relief we seek." Counsel further stated: "I might say this for the record: I recognize that this is a motion for summary judgment and I should not be discussing facts but I make this statement for the record: that certain facts that are stated in the brief submitted by the County we would controvert were we to feel that facts were important at this hearing. The fact specifically that we would controvert is that the man is being given toothpaste and razor blades and the like while he is in prison." He took the position that the items named can only be had by plaintiff out of his twenty cents a day. The only other matter suggested was that whatever the underlying reason for compensating prisoners for their work, " * * * it should be permitted to stand and not be absorbed by this kind of a proceeding which I don't think dignifies the statute, the position of the State of New Jersey or Essex County." After argument on behalf of the defendants, counsel for plaintiff replied. He did not offer any new matter. Earlier he had said, "In oversimplifying, perhaps, the factual state-

ment I don't think I have omitted any-thing material."

This brings us to our opinion in the case, 238 F.Supp. 960, filed February 18, 1965. On p. 961, we noted that:

"On February 10, 1964 plaintiff filed this suit. In it he alleges that because his institutional wages are being withheld from him and turned over to the Essex County Treasurer to help pay for the trial transcript furnished him on his second appeal, he is being subjected to cruel and unusual punishment, he is being de-prived of due process of law, dis-criminated against and denied equal protection of the law, all in violation of his Federal Constitutional rights."

In the opinion we examined at length the reimbursement which is the sole reason for this suit. Under the admitted facts we held (p. 962) that Rinaldi on his appeals was given "equal justice", "due process in letter and spirit", "the same protection available to the 'rich' and the 'powerful'". With reference to the reimbursement element we said pp. 962, 963:

"There is no mystery about the reimbursement phase before us. As we have said, this only comes into being after appellant has pursued his appeal to its finality, has been un-successful and is still in confine-ment. In those circumstances the county becomes entitled to reim-bursement from his institutional earnings. Obviously the reimburse-ment is within his means. It is from the sum the prisoner receives that reimbursement is to be had. The statute leaves the County a wide discretion regarding the amount it deducts from the prisoner's income. There is no proof before us whether prisoners are allowed extra items, such as smoking material, free or if the ordinary means of obtaining these is with their work pay. What-ever the situation we are entirely

satisfied that the statutory provision for reimbursement is no violation per se of plaintiff's Federal Constitution-al rights. The administration of the method and rate of reimburse-ment is rightly delegated to the reasonable discretion of the County Prison Authorities. There is no Federal cause of action made out here on the theory advanced. Plain-tiff is definitely able to make in-stallment payments for his tran-script. This may inconvenience him. To perhaps numerous litigants in criminal actions on the outside pay-ing for their transcripts may be just as inconvenient and more so. We do not see that this problem of pay-ing within his means for his im-portant trial record is inflicting hardship upon Rinaldi. Indeed, paying what he can towards the cost of something that was most necessary to him should be helpful to him retaining or reestablishing his self respect. In common fairness he should pay what he can. If for some good reason the entire amount of his pay is too much he can request an adjustment from the Prison Au-thority. The reimbursement of course has no bearing whatsoever on his sentence."

Respecting the allegation that nonen-forcement of reimbursement for tran-scripts from other prisoners was part of the cruel and unusual punishment in-flicted upon Rinaldi we said p. 963:

"Generally speaking, the question in-volved is New Jersey State and County business. Objection, if any, to the manner in which the statute is administered can be made through the proper New Jersey facilities. Even as to this it is difficult to see any discrimination against the plaintiff. His reimbursement has been handled in accordance with the statute. Assuming that on occasion reimbursement has not been insisted upon because of laxness or favoritism

and there is no evidence of this before us, plaintiff is not being harmed, he is merely making reimbursement for his transcript in accordance with the law of New Jersey. His reimbursement is not increased one penny because of what may happen in other reimbursement circumstances."

It is self-evident from the above that all of plaintiff's allegations which he based on the Eighth Amendment were fully before this court on his motion for summary judgment, were carefully considered and just as carefully decided. There is one factual situation which is in dispute between the parties. That is whether plaintiff is given smoking material, shaving blades, toilet articles and the like by the prison authorities or must pay for them. This was covered in detail in our opinion as appears above in the second quote therefrom. The second point which may not be disputed or at least not entirely, was also disposed of in our opinion (last opinion quote above). Definitely, there is no conflict between the parties as to facts which in any way touch our decision. We might call attention in passing to the absence of assertion by plaintiff that gifts to him from the outside, if any, are at all affected by the reimbursement procedure. Among the numerous opinions supporting our holding that the administration of the New Jersey reimbursement statute in this instance is proper New Jersey state and county business, see Gurezynski v. Yeager, 339 F.2d 884 (3 Cir. 1964); United States ex. rel. Morris v. Radio Station W E N R, 209 F.2d 105 (7 Cir. 1953); Stroud v. Swope, 187 F.2d 850, 851 (9 Cir. 1960).

We have again exhaustively considered this whole case so that there be no possible doubt regarding all problems of substance factually and legally connected with it and their rightful solution. We are satisfied that plaintiff's attorney explored and developed every facet of plaintiff's claims and presented them to this court in clear, forceful, lawyerlike fashion.

The motion to "correct" the judgment in this suit will be denied.