**Perry E. WALKER, Plaintiff-Appellant,**

v.

**Frank J. PATE, Defendant-Appellee.**

**Nos. 15296, 15297.**

United States Court of Appeals
Seventh Circuit.

Feb. 3, 1966.

Rehearing Denied March 4, 1966.

Perry E. Walker, pro se.

William G. Clark, Atty. Gen., Chicago, Ill., Richard A. Michael, Philip J. Rock, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

We consider here two appeals from the orders of two judges of the District Court for the Northern District of Illinois, Eastern Division. Each order recited that the complaint therein failed to state a claim upon which relief could be granted. In each case, plaintiff was given leave to appear pro se, and to appeal in forma pauperis. In each case the printing of an appendix was waived.

In appeal No. 15296, plaintiff seeks to bring a suit for an injunction and for damages. He claims the right to do so under the Federal Civil Rights Acts, 42 U.S.C. § 1983 et seq. and also under the Sixth and Fourteenth Amendments to the Federal Constitution.

Plaintiff's principal complaint is that prior to entering the Illinois State Penitentiary where he is presently confined, he had become the owner of eight law books, but when committed to the Illinois State Penitentiary, he was not permitted to keep these books. He alleges that other inmates were permitted to keep their personal law books. He also alleges that about November 15, 1962, while in prison, he purchased two law books and a typewriter, but that these were confiscated by agents of Warden Pate.

This complaint also contains a prayer for relief asking that the Warden be restrained and enjoined from discouraging or preventing plaintiff from exercising his right to appeal.

In Appeal No. 15297, plaintiff also seeks an injunction and damages claiming a violation of his rights under the Fourteenth Amendment and the Federal Civil Rights Acts. His principal complaint is that the Warden has discriminated against him by preventing his wife and daughter from visiting him while he is under confinement.

A showing was made that prison regulations prohibit inmates from bringing with them certain items of personal property upon being incarcerated in the Illinois State Penitentiary at Statesville, a maximum security prison. Prisoners are not permitted to bring any type of book with them. It is asserted that this proscription is a security measure and that contraband such as hackblades and narcotics could be concealed in books brought in by inmates. However, the regulations permit a prisoner to have in his possession up to six law books, provided that they are purchased through the prison.

As to the request that Warden Pate be restrained from interfering with plaintiff's right to appeal, a showing is made that since 1962, one hundred forty-eight legal documents have been mailed at plaintiff's request to various courts, judges and attorneys.

As to the claim that the Warden would not permit visits by plaintiff's wife and

daughter, the regulations encouraged visits by members of the family of an inmate, but visits are not permitted by persons who have a criminal record. It is asserted upon behalf of the Warden, that the plaintiff's wife had been incarcerated in Dwight Penitentiary for Women, pursuant to a felony conviction. There is no objection by prison authorities to visits by plaintiff's daughter within the usual times allotted for visits to prisoners. However, it is believed by prison authorities that the daughter has been and is a resident of Detroit, Michigan.

■■ It is apparent that the various complaints of plaintiff are matters within the scope of prison discipline and security. It is well established law in this Circuit, that except under exceptional circumstances, internal matters such as rules and regulations in state prisons, are the sole concern of the states, and that federal courts will not inquire concerning them. United States ex rel. Knight v. Ragen, 7 Cir., 337 F.2d 425; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107; Siegel v. Ragen, 7 Cir., 180 F.2d 785, 788, and Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82.

For the benefit of all concerned, and, in particular, for inmates of state prisons within the Seventh Judicial Circuit, we quote from two of the cases hereinbefore cited:

"Inmates of State penitentiaries should realize that prison officials are vested with wide discretion in safeguarding prisoners committed to their custody. Discipline reasonably maintained in State prisons is not under the supervisory direction of federal courts. * * * A prisoner may not approve of prison rules and regulations, but under all ordinary circumstances that is no basis for coming into a federal court seeking relief even though he may claim that the restrictions placed upon his activities are in violation of his constitutional rights." United States ex rel. Morris v. Radio Station WENR, supra, 209 F.2d, page 107.

In a comparatively recent case, United States ex rel. Knight v. Ragen, supra, 337 F.2d, page 426, we stated:

"Except under exceptional circumstances, internal matters in state penitentiaries are the sole concern of the states and federal courts will not inquire concerning them."

In the event that inmates of state prisons within the Seventh Circuit persist in bringing actions in the federal courts in which the complaints are based upon various matters concerning the rules and regulations in effect in those prisons, and such matters are brought to this Court on appeal, it is likely, in the ordinary case, that this Court will dispose of the appeal either by a per curiam opinion or by order.

We hold that the action of each of the district judges in dismissing the actions commenced by plaintiff herein, was correct. The judgments of the District Court are each

Affirmed.