**Application of Alfred A. ARGENTINE, Petitioner,**

v.

**Paul D. McGINNIS, New York State Commissioner of Correction and Walter M. Wallack, Warden, Wallkill State Prison, Wallkill, New York, Respondents.**

**No. 65–Civ. 1538.**

United States District Court,
S. D. New York.
Oct. 15, 1969.

Alfred A. Argentine, pro se.

CROAKE, District Judge.

## MEMORANDUM

Petitioner, acting pro se, seeks leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (1968), with a motion under Rule 60(b) of the Federal Rules of Civil Procedure that this Court set aside its decision of August 12, 1968, and grant petitioner a new trial. This Court in the latter decision rejected, after a trial in June 1968, petitioner's claims that respondent prison authorities had violated his civil rights, as secured under 42 U.S.C. § 1983 (1968), by unjustly and systematically interfering with his legal correspondence in such a manner as to deny him reasonable access to the courts. Secondly, petitioner, as we have construed his rather prolix papers, also now requests leave to proceed in forma pauperis in a new action based on alleged violations of his civil rights perpetrated by respondents subsequent to the trial of June 1968.

Petitioner is presently incarcerated in Attica State Prison serving a sentence of from 10 to 20 years for forgery in the second degree and a concurrent sentence of from 2½ to 10 years for grand larceny in the second degree.

Petitioner previously made application to appeal in forma pauperis from the decision of August 12, 1968. This application was found to be "frivolous, in bad faith and without merit," and was denied in accordance with Rule 24(a) of the Federal Rules of Appellate Procedure by the undersigned in an order dated October 16, 1968. Petitioner never appealed from the decision of August 12, 1968.

Since we decided petitioner's original action and are thus familiar with the background of the case, we have accepted a reference from Judge Mansfield of the instant application, rather than have petitioner's motion appear first on the Motion Calendar and then be referred to us.

The Assistant Attorney General in charge of this matter for the New York State Attorney General indicated in a telephone conversation with the law clerk of the undersigned that the State considers the instant application of petitioner to be frivolous and does not intend to answer it. However, since petitioner is appearing pro se, we have considered his papers in as liberal a light as possible so as to determine if there is any possible merit to them.

Leave to proceed in forma pauperis both with the motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and with the new action is granted.

We will proceed to consider both the motion and the allegations raised in the new action.

■ Petitioner first claims that fraud and misrepresentation were perpetrated on this Court by the respondents prior to and during the trial held in 1968 and, accordingly, he requests this Court under Rule 60(b) of the Federal Rules of Civil Procedure to set aside its decision of August 12, 1968. However, in order for petitioner to sustain the burden of convincing this Court to set aside its prior decision, he must present clear and convincing evidence of the alleged fraud or misrepresentation. Brown v. Pennsylvania R. R., 282 F.2d 522 (3rd Cir. 1960), cert. denied, 365 U. S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1961). Mere allegations and conclusions are not sufficient.

■ Petitioner first alleges that he was forced to proceed without the assistance of counsel at the trial. This allegation gives no support to petitioner's Rule 60(b) motion. This matter was disposed of in the Memorandum of August 12, 1968. The record shows that petitioner was represented initially by Legal Aid. He became dissatisfied with Legal Aid representation and chose to have Legal Aid relieved and to proceed pro se. Since petitioner was proceeding pro se, this Court accorded him maximum leeway to state and prove his allegations, and a number of formalities were waived, including a pretrial order. Moreover, Argentine's overall handling

of his case prompted this Court to observe in its Memorandum of August 12, 1968, as follows:

> In this Court's opinion, plaintiff's presentation did not suffer for want of counsel; he was exceptionally articulate and his cross-examination of the state's witnesses was incisive and telling. In addition, few attorneys achieve the mastery of facts that Argentine demonstrated. P. 4, n. 2.

Petitioner fails to establish any grounds under Rule 60(b) that would cause this Court to set aside its prior decision on this question.

Petitioner further alleges that he was denied the opportunity to raise certain questions of fact and to subpoena certain witnesses at this trial. He further questions this Court's disposition of his allegations of interference with his mail by prison authorities. However, the petitioner has failed to present any evidence that the Court's rulings on these matters were induced by fraud or misrepresentation. This Court will not now serve as an appellate court reviewing its prior findings.

Finally, petitioner makes numerous allegations of violations of his civil rights occurring subsequent to the trial of June 1968.. These alleged violations do not relate to petitioner's Rule 60(b) motion and could only be considered as the basis of a new action.

The foregoing facts indicate that the petitioner has not sustained the burden of presenting clear and convincing evidence of any fraud or misrepresentation which was perpetrated on this Court or of any other ground under Rule 60(b) which would cause this Court to set aside its prior decision. Accordingly, petitioner's motion that this Court set aside its decision of August 12, 1968, and grant petitioner a new trial, is denied.

However, since petitioner is proceeding pro se, we have construed the papers he has submitted to us as liberally as possible so as to determine if they state any possible grounds for relief. Although petitioner seems to be under the illusion that he may initiate a new action based upon alleged violations of his civil rights occurring subsequent to the trial only if this Court grants his 60(b) motion, this is not so. We consider petitioner's allegations of violations occurring subsequent to the trial to be independent of his Rule 60(b) motion. We treat these allegations as constituting a complaint in the new action.

Petitioner first complains of several instances when prison authorities allegedly delayed for periods of up to fifteen days in mailing legal correspondence he had submitted to them for mailing. He also complains that the prison authorities refused to mail one letter he had submitted for mailing to his sister in which he requested her to take certain legal action for him. The regulation of inmates' mail by state prison officials, however, is a matter of internal prison administration with which this Court will not interfere, absent a showing of a resultant denial of access to the courts or of some other basic right retained by a prisoner. Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Lee v. Tahash, 352 F.2d 970 (8th Cir. 1965); Adams v. Ellis, 197 F.2d 483 (5th Cir. 1952); this Court's memorandum of August 12, 1968, 65–Civ. 1938; see Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L. Ed. 1356 (1948). Petitioner in the instant action fails to state facts indicating such a resultant denial of access to the courts or of any other basic rights. Accordingly, this asserted claim is dismissed as frivolous, pursuant to 28 U.S. C. § 1915(d) (1968).

Petitioner further alleges that he was deprived of adequate and proper medical care. However, petitioner does not claim that he was denied any medical care but rather that he received only inadequate medical care. Moreover, he gives no indication that he sustained serious physical injury as a result of the alleged inadequate treatment. Accordingly, petitioner fails to state a claim for which relief could be granted. Ex-

138

cept in the extreme case where a prisoner is totally deprived of essential medical care, this Court will not inquire into the internal prison administration of medical services.* Coppinger v. Townsend, 398 F.2d 392 (10th Cir. 1968); United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied, 380 U.S. 985, 85 S.Ct. 1355, 14 L. Ed.2d 277 (1965). Consequently, this asserted claim of petitioner is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d) (1968).

■ Petitioner makes the additional claim that he has been subjected to abuse in reprisal for his complaining to the prison authorities about alleged violations of his civil rights. He cites as incidents of such harassment that correction officers "confiscated" his drinking cup and various items of personal clothing, and placed him in a lower-paying prison job.

These alleged violations, however, are matters of internal prison administration with which this Court will not interfere. United States ex rel. Wagner v. Ragen, 213 F.2d 294 (7th Cir.), cert. denied, 348 U.S. 846, 75 S.Ct. 68, 99 L.Ed. 667, rehearing denied, 348 U.S. 884, 75 S.Ct. 126, 99 L.Ed. 695 (1954), cert. dismissed, Wagner v. Stratton, 350 U.S. 926, 76 S.Ct. 320, 100 L.Ed. 810 (1956); Medlock v. Burke, 285 F.Supp. 67 (E.D.Wis. 1968). Accordingly, this claim is dismissed as frivolous, pursuant to 28 U.S. C. § 1915(d) (1968).

■ In addition, petitioner claims that he was "physically assaulted" by prison authorities when they were "confiscating" a money order from him.

However, prison authorities may use reasonable force on prisoners when administering prison regulations. Siegel v. Ragen, 88 F.Supp. 996 (N.D.Ill.1949), aff'd 180 F.2d 785 (7 Cir.), cert. denied, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391, rehearing denied, 340 U.S. 847, 71 S.Ct. 12, 95 L.Ed. 621 (1950). Nothing petitioner alleges indicates that the alleged "assault" was unreasonable or resulted in serious physical injury to petitioner. In addition, as indicated above, questions of confiscation of inmates' personal goods are generally questions of internal prison administration with which this Court will not interfere. Accordingly, this claim is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(d) (1968).

■ Petitioner further alleges that certain legal documents were taken from his cell. However, he does not allege that these documents were in fact taken by prison authorities. Moreover, even assuming that the documents were so taken, petitioner fails to allege that the appropriate prison authorities upon proper demand refused to return them. Finally, petitioner fails to allege that as a result of the alleged theft of his documents he was deprived of reasonable access to the courts. Accordingly, petitioner fails to state a claim for which relief could be granted. See Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). Since the claim has no possibility of success on the merits, it is hereby dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (d) (1968).

So ordered.

* After this Memorandum was written, the United States Court of Appeals for the second Circuit decided Church v. Hegstrom, (2d Cir., Oct. 9, 1969), 416 F.2d 449. This was an action by the administrator of a state prisoner claiming deprivation of urgently needed medical care. The Court of Appeals held that the action was properly dismissed for failure to state a claim for which relief could be granted because plaintiff alleged at most that defendants had been negligent.