**Gregory BIRCH, Plaintiff,**

v.

**Warden Leon J. VINCENT, Superintendent of Green Haven Correctional Facility, et al., Defendants.**

**No. 73 Civ. 5242 (MP).**

United States District Court,
S. D. New York.

Jan. 4, 1974.

Gregory Birch, pro se.

**POLLACK, District Judge.**

Petitioner, a state prisoner, brings this action pursuant to 42 U.S.C. § 1983, seeking injunctive and monetary relief against the Warden of the facility wherein he is confined, the former Governor of the State of New York, the Commissioner of Correctional Services, and several (originally two; now apparently amended to be three) Correction Officers employed at Green Haven Correctional Facility.

The facts recited by petitioner appear to be these. He was a porter in C-block. On two separate occasions he has appeared before an "adjustment board", apparently presided over by a particular lieutenant; once he received 14 days keep-lock, the other time he lost 30 days recreation and was transferred from work as a porter to work in the garment shop.

It is petitioner's theory that the correction officers named as defendants herein have "[made] up . . . frivolous reports" which "go in the inmates folder" and that these have formed the predicate for the lieutenant's decision to transfer the petitioner from porter duties to shop duties. He seeks $10,000 in damages from each of the officer defendants because "his unwarranted disciplinary write-ups constitute cruel and unusual punishment under the Eighth Amendment."

Petitioner further asserts that "these write-ups are kept in [his] folders for future reference by the institution" and from this asserted fact hypothesizes that "said write-ups could thwart the plaintiffs' quest for freedom upon his appearance at the Parole board."

After the filing of his original complaint, petitioner "supplemented" it by adding as a defendant the third correction officer. This third defendant's alleged wrong-doing consisted of directing the petitioner to a particular seat in the mess hall over the petitioner's expressed dislike for the prisoner most immediately adjacent to him. Once again, the stated theory is that an adverse write-up will ensue; that such write-up will be placed in petitioner's file; that such file will be transmitted to the parole board; that the board will consider such write-up; and that an adverse determination on the question of petitioner's release will result.

■■ Petitioner sorely misconstrues the purpose and scope of 42 U.S.C. § 1983. That section renders liable any person who, under color of law, subjects any other person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. It does not create a cause of action which inures to the bene-

**534**

fit of state prisoners who would challenge the institution's disregard for their mess hall seating preferences.

"The federal courts should refuse to interfere with internal state prison administration except in the most extreme cases involving a shocking deprivation of fundamental rights. See, e.g., Church v. Hegstrom, 416 F.2d 449, 450–451 (2d Cir. 1969); Wright v. McMann, 387 F.2d 519, 528 (2d Cir. 1967) (concurring opinion of Lumbard, Ch. J.); Sostre v. McGinnis, 334 F.2d 906 (2d Cir.), cert. denied, 379 U.S. 892, 85 S.Ct. 168, 13 L.Ed.2d 96 (1964); Jackson v. Bishop, 404 F.2d 571, 577 (8th Cir. 1968) (Blackmun, C.J.). A case such as the instant one, which is totally devoid of merit, should be dismissed out of hand." Rodriguez v. McGinnis, 451 F.2d 730, 732 (2d Cir. 1971), aff'd en banc, 456 F.2d 79 (1972), rev'd on other grounds sub nom. Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

*Accord,* Baldwin v. Smith, 446 F.2d 1043, 1044 (2d Cir. 1971) ("States should be given broad discretion to determine which of a variety of possible rehabilitative and disciplinary techniques will be most effective with a given prisoner in a given situation."); Argentine v. McGinnis, 311 F.Supp. 134, 138 (S.D.N.Y.1970) ("These alleged violations . . . are matters of internal prison administration with which this Court will not interfere.")

■■ To the extent that petitioner states a claim involving his fears concerning a hypothetical appearance before the parole board at some indeterminate point in the future, the doctrine of ripeness bars consideration thereof—as the matter is not ripe, there is no case or controversy, and hence the question is not justiciable. *See* Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Moreover, were the matter ripe for determination at the present time, petitioner would still face the insurmountable barrier of Preiser v. Rodriguez, 411

U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), which precludes consideration of issues affecting the duration of confinement in an action brought pursuant to 42 U.S.C. § 1983.

■ This Court is under a duty to assume early control of *pro se* matters on its calendar, Eckhart v. Schubin, 73 Civ. 3242 (S.D.N.Y., Oct. 9, 1973), lest the rights of these uncounseled litigants be abused by neglect. Likewise, it is the duty of the Court to maintain a vigilant supervision over that same calendar to ensure its continued currency by the elimination of judicial deadwood. The instant action is frivolous in every sense of the word, 28 U.S.C. § 1915(d); *cf.* Argentine v. McGinnis, *supra.*

Accordingly, the complaint is dismissed with prejudice, and leave to appeal *in forma pauperis* is denied for the reasons stated above.

So ordered.