**John CHIARELLO, Plaintiff,**

**v.**

**Mr. BOHLINGER, Correspondence Officer, and Mr. K. Galagher, Librarian at Green Haven Correctional Facility, Defendants.**

**No. 75 CIV. 154(MP).**

United States District Court,
S. D. New York.

April 9, 1975.

John Chiarello, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, by David L. Birch, Deputy Asst. Atty. Gen., for defendants.

## MEMORANDUM

POLLACK, District Judge.

Defendant Bohlinger, the correspondence officer, and defendant Galagher, the librarian, at Green Haven Correctional Facility, move to dismiss this prisoner's *pro se* civil rights action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Plaintiff alleges [1] that the defendants deprived him of his First and Fourth Amendment rights by "obstructing and delaying" the mailing to the P.E.N. American Center in New York City of his article entitled "Schizophrenia and the Monster" to be entered in a writing contest for prisoners. The rules of the contest called for all entries to be postmarked not later than March 1, 1975. Plaintiff states that he sent his article to the correspondence room for mailing on November 14, 1974. Bohlinger and Valadi, another correspondence officer who is not a defendant in this suit, read the article and three days later sent it on the be read by Galagher, who was purportedly to make a final decision as to whether the article should be permitted to leave the institution. On November 27th, fourteen days later, plaintiff inquired about the status of his article, and Galagher is alleged to have responded that the story was inflammatory and was in his locker. Galagher stated that he did not approve of its leaving the in-

1. The factual allegations, which are merely hypothesized as being true since this is a Rule 12(b)(6) motion, are taken from plaintiff's affidavit in opposition to the motion as well as the complaint. *See* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

stitution, and that plaintiff's article must further be sent to other members of the media review board for approval.[2] Plaintiff thereupon retrieved the article. On January 3, 1975 a postal inspector investigated the facts of the alleged withholding and obstruction of plaintiff's story.

In this suit filed on January 13, 1975, plaintiff seeks an injunction against any tampering with or delaying of his mail [3] and $10,000 in damages.

It is well-established doctrine that correctional officers may open and read the outgoing and incoming correspondence of inmates and in appropriate circumstances may edit or refuse to mail offending material. *E. g.*, Procunier v. Martinez, 416 U.S. 396, 412–13, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (class action challenge to certain regulations); Sostre v. McGinnis, 442 F.2d 178, 199–201 (2d Cir. 1971), cert. denied sub nom. Oswald v. Sostre, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972); Corby v. Conboy, 457 F.2d 251 (2d Cir. 1972); LeMon v. Zelker, 358 F.Supp. 554 (S.D.N.Y.1972). Departmental policy avowedly permits inmates to mail confidential and sealed letters to governmental executives, courts, and attorneys in view of objectives of re-socialization of inmates and assistance in solution of personal and legal problems. However, an inmate's right to mail letters to his family or friends is, for obvious reasons, not absolute. *E. g.*, Corby v. Conboy, *supra*. Similarly, an inmate newspaper prepared for distribution both within and without the correctional facility may be subjected to pre-publication review and in appropriate circumstances objectionable articles may be edited.

The Luparar v. Stoneman, 382 F.Supp. 495 (D.Vt.1974).

Thus, it is clear that a complaint does not necessarily state an actionable wrong merely by alleging that the correspondence officers reviewed the contents of an article before deciding whether or not it should be sent out from the prison.

The refusal to mail is a safeguard erected to conserve the substantial governmental interests of security, order, and rehabilitation. *See, e. g.*, Procunier v. Martinez, *supra;* The Luparar v. Stoneman, *supra.* However, the mere conclusion of an officer that an article is inflammatory is a constitutionally insufficient justification for his refusal to mail the article and would state a cause of action under § 1983 from the perspective of Rule 12(b)(6). *See* Corby v. Conboy, *supra;* The Luparar v. Stoneman, *supra.*

An open question here is whether there was a refusal to mail or whether the article was withdrawn from mailing when plaintiff learned that it must be sent to other members of the media review board for approval. If, as suggested by the defendants, there was no official decision to refuse to mail the article and plaintiff simply became restive and disgruntled with the delay or unwilling to have the article go to other members of the media review board and therefore withdrew the article, his claim that his First Amendment rights were violated would be most dubious.

An evidentiary hearing would settle the facts and accordingly the motion to dismiss based on the face of the claim is denied.

So ordered.

2. Neither plaintiff nor defendants have referred to the applicable administrative regulations on the censorship of inmate correspondence.

3. Injunctive relief would now be moot since the entry deadline has passed.