**Calvin L. MADISON, Plaintiff,**

v.

**Allyn SIELAFF et al., Defendants.**

**No. 74 C 3068.**

United States District Court,
N. D. Illinois, E. D.

April 23, 1975.

Thomas Connors, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause comes before the Court on defendants' Motion to Dismiss the Com-

---

plaint under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

Plaintiff is a prisoner confined in the Stateville branch of the Illinois State Penitentiary, Joliet, Illinois. He seeks relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for deprivation, under color of state law, of rights secured by the United States Constitution.

Defendants urge that the complaint does not state a claim upon which relief may be granted by a federal court.

██ Because plaintiff has filed *pro se*, the complaint must be read generously in his favor. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). So read, the complaint alleges that defendant prison officials denied plaintiff's request to be allowed to work on the honor farm on the ground that he was not within three years of eligibility for parole. The complaint further alleges that defendants permitted other inmates, who had more than three years to serve before becoming eligible for parole, to work on the honor farm. The alleged damage to plaintiff is possible loss of a scholarship to attend Lewis University.

██ Generously read, the complaint seeks to invoke the Equal Protection Clause as a basis for relief under 42 U.S.C. § 1983. To state a claim upon which relief may be granted, the complaint must plead facts which, if proved, would amount to a significant violation of a constitutional right by a person acting under color of state law. Basista v. Weir, 340 F.2d 74 (3d Cir. 1965).

██ The complaint here does not plead facts amounting to a significant violation of a constitutional right. It alleges conduct by state prison officials relating to internal prison regulations.

As stated in Walker v. Pate, 356 F.2d 502 (7th Cir. 1966):

> "It is well established law in this Circuit, that except under exceptional circumstances, internal matters such as rules and regulations in state prisons, are the sole concern of the states, and that federal courts will not inquire concerning them." (356 F.2d at 504.)

Plaintiff has not alleged any "exceptional circumstances" under which the *Walker* rule would not apply. In United States ex rel. Miller v. Twomey, 479 F.2d 701 (7th Cir. 1973), some of these exceptional circumstances were spelled out; placement of inmates on an honor farm was not among them. The *Miller* case also reaffirmed the holding in *Walker*, stating:

> "This does not mean, however, that every decision by prison officials should be subject to judicial review or that the courts rather than experienced administrators should write prison regulations. *Morrissey* [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484] reminds us that due process is a flexible concept which takes account of the importance of the interests at stake; thus, it is abundantly clear that a myriad of problems of prison administration must remain beyond the scope of proper judicial concern. Only significant deprivations of liberty raise constitutional issues under *Morrissey*." (Footnotes omitted. 479 F.2d at 713.)

Denial of plaintiff's request for placement on the honor farm is not such a significant deprivation of liberty, and does not raise a constitutional issue within the scope of 42 U.S.C. § 1983.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendants' Motion to Dismiss the Complaint is granted. Order to be entered in accordance with this opinion.