Michael **WILLIAMS**, Plaintiff,

v.

Benjamin **WARD**, Commissioner of Correctional Services, and Correction Officer Blades, Defendants.

No. 75 Civ. 3839 (MP).

United States District Court, S. D. New York.

Dec. 2, 1975.

Michael Williams, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City by Joan P. Scannell, Deputy Asst. Atty. Gen., for defendants.

## MEMORANDUM

POLLACK, District Judge.

Defendant moves, pursuant to Rule 12(b)(6) Fed.R.Civ.P. to dismiss this state court prisoner's civil rights action.

Plaintiff, an inmate serving a life sentence in the Eastern Correctional Facility in Naponach, New York as a result of a conviction of second degree murder, brings this action under 42 U.S.C. § 1983 for the alleged deprivation of his First Amendment, due process and equal protection rights.

For his first claim, he contends that as an indigent prisoner he should be entitled to mail and has been refused the mailing of his letters without providing any postage. For his second claim, he asserts the right to send and receive correspondence from other unrelated inmates without prior permission of the Superintendent of the prison. The complaint alleges two isolated instances in which prison officials' allegedly refused to deliver letters sent to plaintiff allegedly relating to a letter on "jailhouse lawyers" that was published in the Fortune Society's newsletter. According to the complaint, a notice sent to plaintiff declared that the reason for the withholding of the letters was that the sender was neither a co-defendant nor a relative. The source is not challenged factually by plaintiff.

As redress for the denial of the presumed unconditional rights he asserts, plaintiff seeks declaratory and injunctive relief but no money damages. With respect to the second claim, he seeks a declaration that paragraph three of section two of New York State Department of Correctional Services' Administrative Bulletin #20, which establishes the prior permission system mentioned, is unconstitutional.[1]

Even if plaintiff's papers are viewed in their most liberal light[2], plaintiff's allegations fail to state a claim upon which relief may be granted for the deprivation of constitutional rights. *Argentine v. McGinnis*, 311 F.Supp. 134 (S.D.N.Y. 1969).

Neither the prison official's alleged refusal to mail letters without postage from plaintiff[3] nor their alleged refusal to deliver two letters from other unrelated inmates without special permission from the Superintendent is such a "shocking deprivation of fundamental rights" as to invoke federal court intervention in the internal state prison administration. *See Baldwin v. Smith*, 446 F.2d 1043, 1044 (2d Cir. 1971); *Birch v. Vincent*, 368 F.Supp. 532, 534 (S.D.N.Y.1974). Absent any claim that permission was arbitrarily withheld, there is no necessary constitutional violation in the two isolated instances of alleged refusal to forward correspondence without the permission of the Superintendent from a prisoner to a person other than his attorneys, public officials or Courts. *See Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972); *Sostre v. McGinnis*, 442 F.2d 178, 199–200 (2d Cir. 1971), *cert. denied sub nom.*, *Oswald v. Sostre*, 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972); *United*

---

1. New York State Department of Correctional Services Administrative Bulletin #20, § 2, ¶ 3 as amended December 14, 1972 reads as follows:

   Special permission must be obtained by you from the superintendent for correspondence with unrelated persons who have marital ties, crime partners, inmates in other facilities in this or other states and persons currently on probation or parole.

2. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It should be noted that as plaintiff, a self-declared "jailhouse lawyer," himself admits, he is no stranger to the federal courts.

3. Plaintiff's papers indicate that he, like all his fellow prisoners, now receives four free stamps a month.

*States ex rel. Thompson v. Fay*, 197 F. Supp. 855 (S.D.N.Y.1961).

A prisoner has no more right to free postal service than does the ordinary citizen. In addition, the requirement of permission to correspond with other prisoners furthers the state's substantial interest in maintaining order in and preventing escape from the prisons and is a practice no broader than is necessary to the protection of a substantial governmental interest. *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

As this Court noted in a recent opinion,

> it is clear that a complaint does not necessarily state an actionable wrong merely by alleging that the correspondence officers reviewed the contents of an article before deciding whether or not it should be sent out from the prison. *Chiarello v. Bohlinger*, 391 F.Supp. 1153, 1154 (S.D.N. Y.1975).

The Administrative Bulletin which establishes the system of permission for internal prison correspondence is not unconstitutional on its face and there is no factual indication that it has been unconstitutionally applied. While any general policy or practise against allowing inmates to receive mail from other inmates when that mail solely concerns the function of "jailhouse lawyers" might raise serious constitutional questions, no such policy or practise is alleged here and the two isolated incidents cited by plaintiff do not suggest such a policy or practise. Those two incidents are too slight to constitute a practise so shocking as to violate the Constitution or require a federal court to interfere in the state prisoner's internal administration.

Accordingly, defendant's motion to dismiss the complaint is granted in its entirety.

So ordered.