John Henry FANT, # 88580, Plaintiff,

v.

Curtis FISHER, Superintendent, Enid Community Treatment Center, and Lee Semones, Employment Counselor, Defendants.

No. CIV–75–1051–D.

United States District Court, W. D. Oklahoma.

April 12, 1976.

John Henry Fant, pro se.

Larry Derryberry, Atty. Gen. of Oklahoma by Amalija J. Hodgins, Asst. Atty. Gen., Oklahoma City, Okl., for both defendants.

## ORDER

DAUGHERTY, Chief Judge.

This cause comes before the court on defendant's Motion for Summary Judgment and/or Motion to Dismiss. The plaintiff is a prisoner incarcerated by the State of Oklahoma at the Enid Community Treatment Center, Enid, Oklahoma. He seeks relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for deprivation, under color of state law, of rights allegedly secured by the federal Constitution.

Both parties agree that the Complaint does not present any issue concerning the denial of adequate medical or dental care in violation of the 8th and 14th Amendments to the United States Constitution. Stated in plaintiff's own words "the question is raised as to whether a trusty inmate was to be required to pay for his own medical care, while other trusty inmates at the same penal institution were provided free medical care." (Plaintiff's Response p. 2.) The plaintiff admits, however, that other trusty inmates have had to pay for their medical care at the Center.

It would further appear that there is no dispute between the parties to the following facts: Defendant Curtis Fisher is the Superintendent at the Enid Community Treatment Center. Defendant Lee Semones is the Employment Counselor at the Enid Community Treatment Center. The plaintiff was transferred to the Center on March 10, 1975 in trusty status. During the times pertinent to his Complaint plaintiff was assigned a job as cook at the Center and paid the sum of $30.00 a month. In September, 1975, the plaintiff was permitted by the defendants to enroll at the O. T. Autry Vocational Technical Center in Enid at his own expense. As a student he received Veterans Administration Educational Benefits in the amount of $270.00 per month. Since as an inmate he was receiving free room and board, the only expense of the plaintiff, except for voluntary expenditures for personal items, was $75.00 tuition paid every nine weeks. The plaintiff is the only trusty presently incarcerated in the Center who is permitted to attend school. In September, 1975, the plaintiff was provided dental care by a local dentist who charged $112.00 for his services. This bill was originally paid by the Center which was later reimbursed by the plaintiff. In October and November, 1975, the Center incurred additional expense for dental care for the plaintiff in the amount of $116.00. The plaintiff paid $71.00 of this amount and the Center $45.00.

On these facts, the plaintiff is not entitled to recover. The court cannot accept plaintiff's claim that he is absolutely entitled to free medical services. So long as free medical services may not be demanded of the State as a right by its free citizens, it is unreasonable to suggest that such free services may be demanded by a convicted felon. Persons convicted of felonies do not acquire by virtue of their convictions a constitutional right to services and benefits that are not available as of right to persons never convicted of criminal offenses. *James v. Wallace,* 382 F.Supp. 1177 (M.D.Ala.1974). Failure by the State to provide urgently needed medical attention to a prisoner may amount to cruel and

unusual punishment. *Dewell v. Lawson,* 489 F.2d 877 (CA10 1974). In *Coppinger v. Townsend,* 398 F.2d 392, 394 (CA10 1968) the court defined the State's obligation:

> "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires."

It does not include a duty that the medical care be furnished without cost to a non-indigent prisoner whose ability to pay is not questioned.

 The provision of medical care is subject to "the general rule that the basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the responsible administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute clear abuse or caprice upon the part of prison officials." *Paniagua v. Moseley,* 451 F.2d 228, 230 (CA10 1971). Except in extreme cases where a prisoner is totally deprived of essential medical care, a court will not inquire into the internal prison administration of medical services. *Argentine v. McGinnis,* 311 F.Supp. 134 (S.D.N.Y. 1969).

Under the circumstances it was not arbitrary or capricious to ask the plaintiff to pay a portion of the dental bills incurred by the State for his care. He was the only trusty who was also a student. With his income of $300.00 a month and minimal obligations it was not unreasonable for him to assume part of the cost of his care. There are many instances wherein certain conditions of confinement may vary on the basis of pecuniary status and disparity in dental treatment based on wealth alone is not enough to establish a denial of equal protection in violation of the 14th Amendment to the Constitution. *Bartling v. Ciccone,* 376 F.Supp. 200 (W.D.Mo.1974). Before the Equal Protection Clause can be the basis for relief under 42 U.S.C. § 1983 the facts must show a significant violation of a constitutional right. *Madison v. Sielaff,* 393 F.Supp. 788 (N.D.Ill.1975). No such showing is made here.

Accordingly the court concludes that there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Pursuant to Rule 56(c) Federal Rules of Civil Procedure the defendants' Motion for Summary Judgment is granted and judgment will be entered in accordance with this opinion.

IT IS SO ORDERED.