4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronnie BULLOCK, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al.,** Defendants-Appellees.
 No. 92-1364.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 19, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 91 C 1353; Suzanne Conlon, Judge.
 N.D.Ill., 1992 W.L. 13001.
 AFFIRMED.
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Bullock, a state inmate, brought a complaint under 42 U.S.C. Sec. 1983 alleging that while he was incarcerated at Stateville Correctional Center, the defendants denied him the opportunity to purchase an electric typewriter in violation of his Fourteenth Amendment rights to due process and equal protection. Bullock also alleged that the defendants violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights when they made his parents fill out a visiting questionnaire before entering the prison. The district judge dismissed the complaint for failure to state a claim, and Bullock appealed. After reviewing the record and the parties' briefs, we conclude that the dismissal was proper, and therefore affirm the decision of the district judge for the reasons stated in the attached order.*** In addition, the district judge did not abuse her discretion when she stayed discovery pending disposition of the defendants' motion to dismiss. Fed.R.Civ.P. 26(c); Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir.1987).
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 4
 Ronnie Bullock, Plaintiff,
 
 
 5
 v
 
 
 6
 Kenneth McGinnis, et al., Defendants.
 
 No. 91 C 1353
 Judge Suzanne B. Conlon
 MEMORANDUM OPINION AND ORDER
 
 7
 CONLON, District Judge.
 
 
 8
 Pro se plaintiff Ronnie Bullock ("Bullock") brings this 42 U.S.C. Sec. 1983 action ("Sec. 1983") against defendants Kenneth McGinnis, Thomas Roth and Leo Meyer (collectively "defendants"). Throughout the relevant periods of his complaint, Bullock was an inmate at Stateville Correctional Center. Defendants are state officials connected with that prison. Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.
 
 BACKGROUND
 
 9
 On a motion to dismiss, the court must accept the well-pleaded factual allegations of the complaint as true and view those allegations in the light most favorable to the plaintiff. Gillman v. Burlington Northern R. Co., 878 F.2d 1020, 1022 (7th Cir.1989). In addition, pro se complaints are entitled to particularly liberal interpretation. Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981). However, the court need not ignore facts set forth in the complaint that undermine the plaintiff's claim, nor is the court required to accept the plaintiff's legal conclusions. American Nurses' Ass'n v. Illinois, 783 F.2d 716, 724 (7th Cir.1986); Capalbo v. PaineWebber, Inc., 694 F.Supp. 1315, 1318 (N.D.Ill.1988).
 
 
 10
 The complaint contains two counts. In Count I, Bullock alleges that defendants violated his constitutional due process and equal protection rights by refusing to permit him to purchase an electric typewriter from the Stateville commissary. Bullock further alleges that defendants told him that under prison rules he could only obtain a manual typewriter. In Count II, Bullock alleges that on two separate occasions defendants required that his parent fill out a form before being allowed to visit him. The form requests that all visitors provide information about current employment, criminal history, and association with other current prisoners. Bullock claims that this process violated his and his parent's constitutional rights of due process, equal protection, and protection from unreasonable search and seizure. Defendants move to dismiss both counts for failure to state a claim.[1]
 
 DISCUSSION
 
 11
 The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). Generally, the federal system of notice pleading does not favor dismissal for failure to state a claim. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir.1988). However, dismissal is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. Illinois Health Care Ass'n v. Illinois Dep't of Public Health, 879 F.2d 286, 288 (7th Cir.1989), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addition, if the complaint fails to allege a necessary element required to obtain relief, dismissal is in order. R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co., 895 F.2d 279, 281 (7th Cir.1989).
 
 
 12
 In his first count, Bullock alleges that defendants' refusal to permit him to have an electric typewriter instead of a manual typewriter violated his Fourteenth Amendment rights of due process and equal protection.[2] These rights shall be discussed in turn.
 
 
 13
 The Fourteenth Amendment prohibits a state from depriving a person of life, liberty or property without due process. Bullock argues that his liberty and property interests are implicated. However, not every interference by the state that results in some discomfort or deprivation is actionable. Bullock must demonstrate that: (1) he has a protected liberty or property interest in possessing an electric typewriter instead of a manual one; and (2) that this interest was disturbed without due process. Watts v. Morgan, 572 F.Supp. 1385, 1388 (N.D.Ill.1983). The key inquiry is whether Bullock has sufficiently alleged that he has been deprived of a right or legitimate expectation in a tangible benefit based upon one Constitution or state law. Id., citing Vitek v. Jones, 445 U.S. 480, 490 (1988).
 
 
 14
 Liberty and property interests may stem from either the Constitution or state law. However, there is nothing about the possession of an electric typewriter that could conceivably implicate any kind of liberty interest. See Board of Regents v. Roth, 408 U.S. 564, 572 (1972). Furthermore, there is nothing in the Constitution or state law that establishes such a liberty interest. Thus, Bullock fails to allege a protected liberty interest.
 
 
 15
 Bullock also fails to sufficiently allege a protected property interest. In order to allege a constitutionally protected property interest, Bullock must demonstrate that he has more than an abstract need or desire for an electric typewriter. He must demonstrate that he has a legitimate claim to an electric typewriter, as opposed to a manual one, that is established by either the Constitution or state law. Id. at 577. Prisoners, or any other persons for that matter, have no constitutional right to a typewriter. See e.g. Sands v. Lewis, 886 F.2d 1166, 1172 (9th Cir.1989); Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985). This means that any property right to an electric typewriter must be created by state law.
 
 
 16
 Section 535, Title 20 of the Illinois Administrative Code governs the rules and procedures regarding an inmate's personal property.[3] Section 535.17 states that inmates may acquire personal property through the rules established by the Chief Administrative Officer of the prison where the inmate resides. Stateville Correctional Center Institutional Directive 05.03.111K3 establishes the quantity and type of personal items that an inmate may possess in the inmate's living area.[4] Attachment 5 of this directive states that an inmate is allowed to possess one manual typewriter if a permit is obtained. Nowhere in the state law or prison regulations governing personal property is an inmate permitted to possess, purchase or order an electric typewriter. Thus, Bullock has failed to demonstrate either a property or liberty interest protected by the Constitution or Illinois law or regulations. Accordingly, Bullock's Count I due process claim must be dismissed. Watts, 572 F.Supp. at 1391.
 
 
 17
 Bullock also fails to state a claim for violation of his equal protection rights under the Fourteenth Amendment. Before the equal protection clause can be a basis for relief under Sec. 1983, the facts must show a significant violation of a constitutional right. Fant v. Fisher, 414 F.Supp. 807, 808 (W.D.Okla.1976); Madison v. Sielaff, 393 F.Supp. 788, 789 (N.D.Ill.1975). As noted above, there is nothing in the Constitution or state law or regulations that grants any person a protected entitlement to an electric typewriter. Furthermore, a person does not gain a greater right to services or benefits upon being convicted of a criminal offense. Nicholson v. Choctaw County, 498 F.Supp. 295, 308 (S.D.Ala.1980); see also Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988) (Prisons are not required to provide and prisoners cannot expect to receive "the services of a good hotel"). Thus, there is simply no basis for Bullock's claim that he is entitled to an electric typewriter as a matter of right.
 
 
 18
 Furthermore, prison officials have broad discretionary authority over the institutions that they must manage. Meriweather v. Faulkner, 821 F.2d 408, 414 (7th Cir.), cert. denied, 484 U.S. 935 (1987). This means that a prisoner's allegations must reach constitutional dimensions before a federal court will interfere with the internal operations of a state penal facility. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975). Bullock's allegation that some other inmates are permitted to possess electric typewriters while he is only permitted a manual typewriter falls far short of reaching constitutional dimensions. See Leroy v. Mills, 788 F.2d 1437, 1439 (10th Cir.1986) (prisoner's Sec. 1983 claim that officials' refusal to house him in outside dormitory violated his due process and equal protection rights was properly dismissed as frivolous). Accordingly, Bullock's Count I equal protection claim must also be dismissed.
 
 
 19
 In Count II, Bullock alleges that defendants' policy of requiring visitors to fill out an informational form before they are permitted to visit him violates his and his parent's constitutional rights. However, in order to state a cognizable claim under Sec. 1983, Bullock must allege that some person, acting under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Bullock may not sue or recover damages for the deprivation of another person's rights. McCloud v. Delaney, 677 F.Supp. 230, 232 (S.D.N.Y.1988). In Count II, Bullock raises the rights of his parent or any other visitor in filling out the required form. Bullock has not alleged that his parent or any other visitor was not permitted to see him because they did not fill out the form. Thus, Bullock has failed to allege any injury that he has suffered as a result of defendants' policy. Since Bullock has failed to allege that he has personally been deprived of a protected right, his Count II claims are not cognizable under Sec. 1983.[5] Accordingly, Count II must be dismissed.
 
 CONCLUSION
 
 20
 Defendants' motion to dismiss is granted. Bullock's complaint is dismissed with prejudice.
 
 
 21
 January 23, 1992.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 Howard A. Peters, III, is substituted for Kenneth McGinnis pursuant to Fed.R.App.P. 43
 
 
 ***
 To the extent that Bullock claims his transfer from Stateville to Pontiac Correctional Center was in retaliation for his filing lawsuits, he failed to raise such an allegation in his complaint, and we generally do not consider arguments raised for the first time on appeal. House v. Belford, 956 F.2d 711, 719 (7th Cir.1992). In any event, merely alleging the ultimate fact of retaliation is insufficient to overcome a dismissal. Murphy v. Lane, 833 F.2d 106, 108 (7th Cir.1987)
 
 
 [1]
 Contrary to Bullock's assertions, defendants' filing of this motion to dismiss does not constitute an admission of the allegations of Bullock's complaint
 
 
 [2]
 Bullock also briefly alleges that his Fifth and Eighth Amendment rights were violated. However, the Fifth Amendment Due Process Clause operates only against federal officials, who are entirely absent from the complaint. Johnson v. Carroll, 694 F.Supp. 500, 504 (N.D.Ill.1988). Furthermore, even under the most liberal construction, Bullock's complaint states no facts to support a violation of any right secured under the Eighth Amendment. Accordingly, the Fifth and Eighth Amendment claims in Count I must be dismissed
 
 
 [3]
 See defendants' memorandum, exhibit A
 
 
 [4]
 See defendants' memorandum, exhibit B
 
 
 [5]
 Even if Bullock had standing to challenge the mandatory visitors' informational form, a convicted prisoner has no absolute constitutional right to visitation. The privilege of visitation is subject to the broad discretion of prison officials. Evans v. Johnson, 808 F.2d 1427, 1428 (11th Cir.1987); See also Keenum v. Amboyer, 558 F.Supp. 1321, 1328 (E.D.Mich.1983) (denial of visitation with particular visitor for three week period did not deny prisoner's constitutional rights to due process or equal protection)